**Margaret Y. JUSTAK,**
**Appellant-Plaintiff,**

v.

**A. A. BOCHNOWSKI et al.,**
**Appellees-Defendants.**

**No. PS404.**

Court of Appeals of Indiana,
Third District.

July 23, 1979.

Margaret Y. Justak, pro se.

David A. Bochnowski, Dyer, William S. Spangler, Spangler, Jennings, Spangler & Dougherty, Gary, James B. Meyer and John M. O'Drobinak, Schererville, for appellees.

STATON, Judge.

Margaret Justak's complaint against the various defendants was dismissed with prejudice. Finding no reversible error, we affirm.

## I.

### Dismissal With Prejudice

The following findings of the trial court, along with the corresponding dismissal of the action with prejudice, are the subjects of Justak's first specification of error:

"3. While the proceeding was pending before the Jasper County Circuit Court, on or about January 8, 1976, Notice to Take Deposition of Plaintiff on January 29, 1976, at 1:30 P.M. was duly served on plaintiff, Margaret Y. Justak, by the Defendants. Plaintiff, without prior notice to the defendants, failed to appear for the taking of that deposition, as scheduled. The plaintiff sought to excuse her failure to appear and the absence of prior notice to the Defendants by claiming that she was hospitalized. This claim, despite the Court's request, was not substantiated by the plaintiff.

"4. A Motion for Protective Order was subsequently filed by the plaintiff. This Motion was denied by the Court. Trial Rule 26(C) provides that: 'If the motion for a protective order is denied in whole or in part, the Court may, on such terms and conditions as are just, order that any party or person provide or permit discovery.'

"5. Upon the filing of a Motion to Dismiss by the Defendants, the Court set said motion for hearing and argument before the Court on April 26, 1976. The plaintiff, Margaret Y. Justak, failed to appear at this hearing, again without adequate or proper notice to the Defendants and again claiming sudden illness, without substantiation or credible evidentiary support. This Court, on April 26, 1976, entered an Order providing in part as follows:

> The Court, now being further advised in the premises, finds that the Plaintiff, Margaret Y. Justak, should make herself available for the taking of her deposition, and does now order that Margaret Y. Justak appear for the taking of her deposition * * * on the 3rd day of June, 1976, at the hour of 10:00 o'clock A.M. Central Daylight Time, and if she should fail to appear as ordered herein on said date at said time and place, the Court shall dismiss this action.'

"The plaintiff was duly advised of, and served with a copy of, such order by the Clerk of this Court.

"6. At the appointed hour on June 3, 1976, Margaret Y. Justak appeared at the offices of the Court Reporter before whom her deposition was scheduled. Although physically appearing for the deposition, the plaintiff 'declared again that she was physically unable to give her deposition and not responsible for her statements due to the influence of self-administered medication, which she claimed was required by a doctor's order. Again, the claims of the plaintiff with respect to physical infirmity were not substantiated or supported by the submission of any credible evidence to the Court. The plaintiff has failed to support her claim that the medication purportedly taken by her was required by the order of a qualified physician or that such medication would have claimed debilitating effect on her.

"7. The Defendants again sought relief from the Court, and following another hearing before the Court held on June 21, 1976, the Court entered an Order which provided, in part, as follows:

> 'Accordingly, the Court now orders Margaret Y. Justak to make herself available to resume the taking of her deposition, and that the said Margaret Y. Justak appear physically and mentally able, for the taking of her deposition before Gerry R. Yates, Official Court Reporter, United States District Court, Northern District of Indiana, Hammond Division, 507 State Street, Hammond, Indiana, 46320, or one of her assistants on the 19th day of July, 1976, at the hour of 10:00 A.M. Central Daylight Time, and if she should fail to appear as ordered herein on said date at said time and place, the Court shall dismiss this action. Further, it is ordered that in the event said plaintiff, Margaret Y. Justak is not physically and mentally able to testify, that she present timely to this court a sworn affidavit made by and from a regular medical practitioner stating that said plaintiff is unable to proceed with the taking of said deposition; or upon fail-

ure to do so and the plaintiff is unable to proceed with the taking of said deposition, the Court shall suspend all action and dismiss this action until the said Margaret Y. Justak plaintiff is able to pursue and comply with the rules of Indiana procedure relating to discovery by the defendants.'

"8. The plaintiff appeared and was sworn in for the taking of her deposition of July 19, 1976, as scheduled. . . [T]he Defendants were prevented from completing this deposition as the result of the plaintiff again claiming sudden and debilitating illness. Credible and proper medical evidence to support this claim has not been presented to the Court.

"9. Plaintiff failed, as required by the Order of this Court, to timely file with this Court a sworn affidavit made by and from a regular, licensed medical practitioner stating that the plaintiff is unable to proceed with or to give her deposition.

10. The plaintiff has energetically participated in several lengthy hearings before this Court, all without physical difficulty or illness.

"11. The plaintiff has repeatedly and willfully refused to comply with the orders of this Court respecting discovery. The evasive and obstructive tactics of the plaintiff have been in bad faith and are without meritorious excuse or justification. The Defendants have been thwarted without good cause and to their detriment from obtaining discovery for over one year.

"12. The claims of the plaintiff have not been supported by proper and creidble [sic] evidence and her behavior has been inexcusable. The Defendants have suffered irreparable harm and will continue to be damaged were this action to be permitted to continue.

"13. Every reasonable effort has been made by the Court and the Defendants to compel the plaintiff to submit to proper and meaningful discovery, all without success.

"14. A grant of relief to the Defendants short of dismissal of the action with prej-

udice will not be adequate or effective. Additional leniency or patience is not appropriate. The plaintiff has abused the Court and its orders. The plaintiff has filed numerous dilatory, obstructive and sham pleadings and motions in an effort to continue her avoidance of discovery. The claims of the plaintiff have approached a scandal and contempt on this Court and the Defendants.

"15. It is the duty of this Court, under Trial Rule 37(B), to prevent abuse of discovery proceedings and to secure enforcement of the discovery provisions of the Trial Rules. Dismisal [sic] of plaintiff's action with prejudice is an appropriate remedy under the factual circumstances presented to this Court and necessary to properly protect the integrity of the discovery rules of this Court and State and the rights of the Defendants. This Court specifically finds and determines that the conduct of the plaintiff had and will continue to so delay and obstruct the rights of the Defendants, that relief other than Dismissal with prejudice would be inadequate."

The trial court then entered an order dismissing Justak's complaint with prejudice.

Justak's first contention is that the trial court erred in denying the motion for a protective order referred to in Finding # 4. She had alleged that because of her health, submission to a deposition upon oral examination would constitute an undue burden upon her. She therefore requested the trial court to prohibit the defendants from deposing her and to limit the method of discovery to that of written interrogatories.

 The trial court's authority to grant such a motion is recognized by Ind. Rules of Procedure, Trial Rule 26(C), which reads in pertinent part as follows:

"(C) Protective orders. Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the county where the deposition is being taken may make any order which justice

requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

\* \* \* \* \* \*

"(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery . . . ."

A trial court exercises judicial discretion in ruling upon discovery matters, and this Court will interfere only upon a showing that the trial court abused its discretion. *Costanzi v. Ryan* (1978), Ind.App., 370 N.E.2d 1333. Here, Justak failed to substantiate her allegations concerning her health. Under those circumstances, we cannot say that the trial court abused its discretion in denying the motion for the protective order.

■ Next, Justak challenges the sanctions imposed against her. TR. 37(B) lists the various sanctions that a trial court may employ in order to avoid abuses of discovery proceedings and in order to secure compliance with the discovery provisions of the trial rules. Dismissal with prejudice is one of those sanctions. Because of the severity of that sanction, it should be invoked only when the trial court finds that: (1) a party has in bad faith and abusively resisted or obstructed discovery; and (2) the conduct of that party has or threatens to so delay or obstruct the rights of the opposing party that any other relief would be inadequate. *Clark County State Bank v. Bennett* (1975), Ind.App., 336 N.E.2d 663. Again we note, however, that this is a matter committed to the discretion of the trial court.

■ Justak contends that the circumstances did not warrant the dismissal of her complaint. The record, however, supports the trial court's action. Justak repeatedly failed to appear at scheduled hearings and for depositions of which she had notice. On the instances when she did appear for the purpose of being deposed, she either claimed to be ill or on medication which prevented her from answering questions. Despite the trial court's requests, she failed to substantiate her claims of illness or of required medication with sworn affidavits from medical practitioners.[1] These facts amply support the trial court's finding that Justak was in bad faith and abusively resisting or obstructing discovery.

In determining the propriety of the trial court's action, it is important to note the type of discovery that Justak was resisting—deposition upon oral examination. Discovery is one of the most important phases of any law suit and deposition upon oral examination is perhaps the most effective means of obtaining discovery. Justak's refusal to submit to a deposition and her apparent inability to substantiate her claim that she was physically unable to do so precluded the defendants' use of that avenue of discovery. That preclusion substantially hindered the defendants in their efforts to defend themselves against Justak's charges. We cannot say that the trial court, under those circumstances, abused its discretion in dismissing the cause with prejudice.

■■ Justak further contends that the conclusion that sanctions were required was predicated upon a determination of certain facts (e. g., whether or not she was acting in good faith) and that, pursuant to her right to a trial by jury, she was entitled to have those facts determined by a jury. The term "trial" contemplates a final adjudication of the case on the merits. *City of Fort Wayne v. State ex rel. Hoagland* (1976), Ind.App., 342 N.E.2d 865. A hearing on a motion for sanctions can result in a final adjudication of a case but, because such an adjudication is not rendered on the merits of the case, the hearing does not constitute a trial. *Cf. Grecco v. Campbell* (1979), Ind. App., 386 N.E.2d 960 (hearing on motion for default judgment does not constitute a trial). Justak was not entitled to have a jury empanelled for the hearing.

---

1. Justak did submit an affidavit from a doctor who averred that he examined her on the evening of July 19, 1976, that he then prescribed medication for her, and that he saw her next one month later. The Affidavit does not indicate that she was hospitalized or that her condition necessitated a curtailment of her activities.

## II.

### Default Judgment

■ The following facts develop the scenario for Justak's next contention of error: On January 12, 1976, the defendant Bochnowski filed his answer to Justak's complaint. On January 19, 1976, the clerk of the Jasper Circuit Court, without referring the matter to a judge, signed a document entitled "Judgment By Default," which purported to award a judgment of one million dollars in favor of Justak and against the defendant Bochnowski.

On January 20, the clerk brought the entry of judgment to the attention of the judge of the court. The judge scheduled a hearing for January 23 for the purpose of determining whether the entry should be rescinded. Prior to that hearing, Justak filed a motion for a change of judge and for a change of venue from the county. At the January 23 hearing, the judge rescinded the entry of judgment and then granted the change of venue.

Justak contends that the trial court was divested of jurisdiction upon the filing of her motion. Accordingly, her argument continues, the trial court's rescission of the entry of judgment is void for want of jurisdiction.

Justak's motion was filed within ten days after the issues were first closed on the merits. Therefore, the judge had no discretion in ruling on the motion; he was required to direct the change of venue. TR. 76. Furthermore, upon the filing of the motion, the trial court was divested of jurisdiction except to grant the change of venue and to hear emergency matters. *City of Fort Wayne v. State ex rel. Hoagland, supra.* The rescission of the entry of judgment did not constitute an emergency matter. Thus, Justak is correct in her contention that the rescission is void for want of jurisdiction. For reasons explained below, however, the absence of a legally effective rescission is of no consequence.

■ Default judgments are provided for in TR. 55. TR. 55(A) permits the clerk, without the intervention of the court, to make an "entry of default." An entry of default, however, is not a judgment. 3 W. Harvey, Indiana Practice § 55.2 at 523 (1970). A judgment by default can only be entered by the court. Because the clerk had absolutely no authority to enter a judgment, the "judgment" he did enter was void. A void judgment is, in legal effect, no judgment. By it, no rights were divested and from it no rights were obtained. *Furness v. Brummitt* (1911), 48 Ind.App. 442, 95 N.E. 1114. It is thus inconsequential that the action to rescind the judgment was also void.

■ Pursuant to the granting of the change of venue, the cause was transferred from Jasper County to Pulaski County. Two months later, Justak filed yet another motion for a change of judge, arguing that the presiding judge was biased and prejudiced because of "close personal, professional, and political relationships" with some of the defendants. The trial court allowed Justak ten days to support the allegations of her motion with sworn testimony. She failed to do so. She argues on appeal that the duty to grant the motion was mandatory and that the trial court therefore erred in denying the motion.

■ Justak's analysis of the change of judge provisions of TR. 76 is incorrect. The motion was not made within ten days after the issues were first closed on the merits and, for that reason alone, an automatic change of judge was not available to Justak. Rather, the motion was addressed to the discretion of the trial court. TR. 76(8). Justak has failed to show us how the trial court abused that discretion.

## III.

### Jurisdiction

Justak's next specification of error reads as follows:

"REPEATED VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS TO THE POINT OF 'SUSPENDING' HER RIGHT TO LIFE TOGETHER WITH REPEATED 'EX—

PARTE' HEARINGS HAD AND HELD ON MOTIONS THAT WERE NEVER SET FOR HEARING, AND THE RENDERING OF FINDINGS AND JUDGEMENT [*sic*] DIRECTLY IN OPPOSITION AND CONTRARY TO THE MASS OF EVIDENCE AND CASE LAW AVAILABLE ESTABLISHED THE PROCEEDINGS AS BEING A 'SHAM' AND 'MOCKERY' OF LAW TO SUCH A DEGREE THAT THE TRIAL JUDGE MUST BE DEEMED TO HAVE 'LOST JURISDICTION' AND ANY JUDGEMENT [*sic*] RENDERED TO BE A LEGAL 'NULLITY' AND 'VOID' FOR SUCH DISPLAY OF PREJUDICE, HOSTILITY, AND ABUSE OF DISCRETION."

These allegations are specious at best. Her "argument" in support thereof consists primarily of a cumulative repetition of matters we have previously discussed (i. e., the denial of her motion for a protective order, the dismissal with prejudice and the rescission of the default judgment). Justak presents no additional contentions by way of cogent argument in this section of her brief. There is no need to encumber this opinion with a reiteration of our resolution of the matters previously discussed. It suffices to say that we find no constitutional violations and that the proceedings were not a "sham and mockery of law."

IV.

TR. 53.1

Justak's final contention is that the Supreme Court of Indiana erred in failing to withdraw the cause, pursuant to TR. 53.1, from one of the many trial judges who has presided over this matter. It is a fundamental principle of appellate procedure that this Court has no jurisdiction to review action of our Supreme Court. *See* Ind. Rules of Procedure, Appellate Rule 4.

The order of the trial court dismissing Justak's complaint with prejudice is affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.