STATE ex rel. Kathy KOPPE, Relator,

v.

CASS CIRCUIT COURT and the Honorable Dennis H. Parry as Special Judge thereof, and the Honorable Chod Gibson, as Clerk of the Cass Circuit Court, Respondents.

No. 09S00–9910–OR–610.

Supreme Court of Indiana.

Feb. 15, 2000.

Mark A. Dabroski, Kokomo, Indiana, Attorney for Kathy Koppe.

Donald J. Bolinger, Kokomo, Indiana, Attorney for Ralph Koppe.

. PER CURIAM.

This original action arises out of a dissolution proceeding pending before the respondent court and judge. After entering an order dissolving the marriage of Ralph ("Ralph") and Kathy ("Kathy") Koppe, the respondent judge set a date for the submission of additional evidence on remaining issues, such as the division of marital property.

On February 25, 1999, the parties appeared and presented evidence. Kathy, the relator herein, filed a motion pursuant to Trial Rule 52 asking that the judge make special findings of fact and conclusions of law. An additional day for the submission of evidence was needed, and the taking of evidence was recommenced and concluded on April 28, 1999. Following this final evidentiary hearing, the respondent judge directed the parties to file proposed findings of fact and law within twenty days. Both sides ultimately submitted their respective proposed findings.

On July 28, 1999 – ninety-one days after the final hearing – Kathy filed a praecipe with the respondent clerk of the court, asking that the cause be withdrawn from the respondent judge because of undue delay in the entry of a final judgment. Our trial rules provide that: "Upon the filing by an interested party of a praecipe specifically designating the motion or decision delayed, the Clerk of the court shall ... determine whether or not a ruling has been delayed beyond the time limitation set forth under Trial Rule 53.1 or 53.2." Ind. Trial Rule 53.1(E).

In this instance, Kathy asserted that the respondent judge had delayed his ruling beyond the time allowed under Trial Rule 53.2, which states, in part:

Whenever a cause (including for this purpose a petition for post-conviction re-

lief) has been tried to the court and taken under advisement by the judge, and the judge fails to determine any issue of law or fact within ninety (90) days, the submission of all the pending issues and the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special judge.

T.R. 53.2(A). The cited rule permits two exceptions to this ninety-day period within which a matter may be held under advisement. The first is where the "parties who have appeared or their counsel stipulate or agree on record that the time limitations set forth in this rule shall not apply." T.R. 53.2(B)(1). The second exception permitted is where the "time limitation for decision has been extended by the Supreme. Court pursuant to Trial Rule 53.1(D)." T.R. 53.2(B)(2).

The respondent clerk determined that the decision had *not* been delayed beyond ninety days, and notified the parties of that determination as required in Trial Rule 53.1(E)(1). The respondent clerk declined to find delay beyond ninety days because the respondent judge had directed the parties to file proposed findings of fact and law within twenty days after the final hearing. In the clerk's view, this directive had the effect of extending the ninety-day time period within which the respondent judge could take the matter under advisement by the additional twenty days. Kathy disagreed. This original action ensued, Kathy seeking a writ of mandamus compelling the respondent clerk to withdraw the cause pursuant to the Rules of Procedure for Original Actions.

■ After allowing additional briefing, in due course this Court granted a permanent writ of mandamus, directing that the cause be withdrawn from the respondent court and that any orders issued after the filing of the praecipe for withdrawal be vacated. We now publish this opinion to explain our reasons for granting the writ application.

In a memorandum filed in opposition to the original action petition, Ralph asserted that, in effect, the parties had agreed on the record that the time for taking the matter under advisement was to be extended by twenty days. He argued the exception to the ninety-day time limit found in Trial Rule 53.2(B)(1) cited above should apply and the writ petition should be denied.

■ The record shows that the respondent judge, with counsel for both parties acknowledging their understanding thereof, allowed twenty days for the submission of proposed findings of fact and conclusions of law. However, a more plain and clear agreement or stipulation to an extension of time within which a matter may be kept under advisement than this is needed in order to invoke the exception found in Trial Rule 53.2(B)(1). And, as we have held in the past, the filing of additional briefs does not in itself extend the time period for ruling on a particular matter. *Lies v. Ortho Pharmaceutical Corp.,* 259 Ind. 192, 286 N.E.2d 170, 172 (1972).

■ For the purpose of Trial Rule 53.2, a matter may be said to have been taken under advisement once the submission of evidence has concluded. Once a matter is taken under advisement, the offering of additional briefs, arguments, proposed findings, or other documents that may be helpful to the court but which are not *evidence* do not by themselves effect the time within which a ruling may be required under Trial Rule 53.2.

■ The overall purpose of Trial Rules 53.1 and 53.2 is to expedite litigation. *Williams v. State,* 716 N.E.2d 897, 900 (Ind.1999). The Court is mindful of the fact that withdrawal of a cause from a judge who has already heard the evidence is inefficient and thus may defeat the purpose of the rules, at least in that individual case. But the goal of expediting litigation is statewide in scope, and that larger objective can best be achieved when trial judges are cognizant of the requirements

of Trial Rules 53.1 and 53.2 and understand that those dictates are enforceable. Moreover, as noted above, the rules themselves allow for extensions of time either by express agreement on the record or by application to this Court.

We note further that the procedure for enforcing Trial Rules 53.1 and 53.2 where a clerk erroneously refuses to recognize that a cause should be withdrawn is to file an original action. *Williams,* 716 N.E.2d at 900. As we have recently restated, a party may not wait until an unfavorable judgment or ruling has been made, and then seek to invoke or enforce Trial Rules 53.1 and 53.2. *Williams,* 716 N.E.2d at 900; *Jolly v. Modisett,* 257 Ind. 426, 429, 275 N.E.2d 780, 781–82 (1971).[1]

There may be circumstances, however, when it will become virtually impossible to enforce one's rights under Trial Rule 53.1 or 53.2 through an original action prior to an unfavorable ruling in the trial court. For example, suppose a party files a praecipe for withdrawal of the cause after the time period for a ruling has lapsed. Then, within a short period of time thereafter, the clerk refuses to withdraw the submission and the judge rules on the pending matter. In that situation, the party who then pursues an original action would be doing so only after receiving the unfavorable ruling, suggesting the possibility that the party might be estopped from seeking a remedy. *See Williams,* 716 N.E.2d at 900–901. This was, in fact, what happened in this particular case.

The remedies afforded under the rules governing original actions, while not favored and available only where the trial judge has failed to perform a clear, absolute, and imperative duty imposed by law, are equitable in nature. *State ex rel. Woodford v. Marion Superior Court,* 655 N.E.2d 63, 65 (Ind.1995). When such a

situation arises, as it did here, we will look to see whether the party has acted promptly, diligently, and consistently with an intent to enforce the party's rights under Trial Rules 53.1 and 53.2 in determining whether a writ of mandamus should issue.

In this case, Kathy was diligent in initiating the original action process by requesting a copy of the record within a few days after the clerk refused to withdraw the cause. The praecipe for withdrawal of the cause was filed prior to the court's ruling on the merits, but after the submission of evidence had been under advisement for over ninety days. There was no express agreement to an extension of time within which the matter was to be held under advisement warranting a claim to an exception under Trial Rule 53.2(B)(1). Neither did the respondent judge seek an extension of time from this Court as permitted by Trial Rule 53.1(D).

For the foregoing reasons, the Court granted Kathy Koppe's verified petition for a writ of mandamus.

All Justices concur.

---

1. Similarly, the benefit of Trial Rules 53.1 or 53.2 may be waived where the deadline for a ruling has passed, but rather than filing a praecipe to withdraw the cause, a party files pleadings or otherwise takes voluntary action of record inconsistent with that party's right to invoke those rules. *See generally Board of Medical Registration v. Turner,* 241 Ind. 73, 77–78, 168 N.E.2d 193, 195 (1960)(applying a predecessor rule).