ATTORNEY FOR RELATOR
Franklin S. Yudkin
Louisville, Kentucky

PRO SE RESPONDENTS & ATTORNEYS FOR PARTIES
OPPOSING THE WRIT

The Hon. Daniel E. Moore, *pro se*
Jeffersonville, Indiana

The Hon. Roger L. Duvall, *pro se*
Scottsburg, Indiana

John A. Kraft
New Albany, Indiana

Robert G. Bottorff II
Jeffersonville, Indiana

J. Clayton Culotta
Jeffersonville, Indiana

Gregory F. Zoeller
Attorney General of Indiana

James E. Porter,
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Feb 17 2010, 9:54 am

*CLERK*
of the supreme court,
court of appeals and
tax court

_____

# In the
# Indiana Supreme Court

_____

No. 10S00-0910-OR-500

STATE OF INDIANA *EX REL*.
CRAIN HEATING AIR CONDITIONING & REFRIGERATION, INC.,                *Relator,*

v.

THE CLARK CIRCUIT COURT,
THE HON. DANIEL E. MOORE, AS JUDGE THEREOF, AND
BARBARA BRATCHER-HASS, AS CLERK THEREOF,                *Respondents.*

_____

Original Action
_____

**February 17, 2010**


**Per Curiam.**

The Relator in this original action is Crain Heating Air Conditioning & Refrigeration, Inc. ("Crain"). The named Respondents are the Clark Circuit Court; the Honorable Daniel E. Moore, the judge of that court; and Barbara Bratcher-Hass, the clerk of that court. On December 7, 2009, this Court granted the Relator a permanent writ of mandamus and prohibition requiring the clerk to withdraw the case pending below from the trial court due to the court's failure to rule timely on a motion for preliminary injunction and to transmit it to this Court for appointment of a special judge. The writ also required Judge Moore to vacate the order he issued after Crain filed its praecipe for withdrawal.

The writ noted that this Court had under advisement whether to issue an opinion explaining its reasons for granting the writ. This opinion states those reasons and clarifies the procedure that may be used to withdraw a case from a court that fails to rule promptly after hearing a motion related to a preliminary injunction.

**Background**

On August 5, 2009, Crain filed a complaint in the trial court seeking damages and injunctive relief against Defendants Elite Heating, Air Conditioning & Refrigeration, Inc. (Crain's competitor), Matthew Roberts (president of Elite), Sarah Roberts (vice-president of Elite), and Amy Jo Lewis, Leon Darnell, Daniel Quinn, and Aaron Courtney (Elite employees who formerly worked for Crain). Crain also filed a motion for a preliminary injunction to prevent Defendants from misappropriating Crain's confidential business information and trade secrets and to preserve all information, in electronic or other form, allegedly misappropriated by Defendants through use of computer programs or other means. The court, by its regular judge, Judge Moore, scheduled a hearing on the preliminary injunction request first for August 13 and then for August 20.

On August 13, Darnell appeared and moved for a change of judge under Trial Rule 76(B). The court granted the motion for change of judge, and a panel of three other judges was named for striking. On August 19, Crain filed a response to the motion for change of judge in which Crain quoted Trial Rule 65(A)(3) and argued that it was entitled to a prompt hearing on its

request for a preliminary injunction before Judge Moore as scheduled on August 20. Also on August 19, Courtney appeared by counsel, and Elite and the Robertses filed a brief opposing the preliminary injunction request.

Judge Moore presided over the preliminary injunction hearing held on August 20, after all parties appearing acknowledged his authority to hear the request for preliminary injunction. At the end of the hearing, Judge Moore asked that the parties submit proposed findings of fact and conclusion of law with a disk to the court on or before September 14 (a date twenty-five days after August 20) and directed parties to exchange their submissions with the other parties. (Tr. 114.) He also ordered that during the interim "none of these computers are to be destroyed or tampered with pending submission of these findings." (Id.)

On September 9, Courtney filed a written motion requesting a ten-day extension of time to file proposed findings, to and including September 24. On September 11, Judge Moore granted that extension, to and including September 24. On September 14, Crain and Elite submitted proposed findings and conclusions. Also on that day, Crain objected to Courtney's request for an extension of time and quoted Trial Rules 53.1 and 65(A)(3). On September 17, Crain filed a request that the court reconsider its granting of the extension and argued, "[W]e already went past the ten days stated in T.R. 65[(A)](3)," and an extension to September 24 would "take the matter past the 30 days allowed in T.R. 53.1." (R. 199.)

At 9:50 a.m. on Monday, September 21, Crain filed a praecipe alleging the court failed to rule timely on the preliminary injunction motion and asking the clerk, pursuant to Trial Rules 53.1 and 65(A)(3), to review the matter and determine that more than 30 days had passed without a ruling since the conclusion of the hearing on the preliminary injunction motion.

On September 22, Judge Moore denied Crain's motion to reconsider the extension, and Courtney submitted proposed findings. On September 29, the clerk determined that a ruling on the preliminary injunction request had not been delayed.

3

On October 2, Judge Moore issued "Findings of Fact, Conclusions of Law and Order Denying Preliminary Injunction and Other Orders." In addition to denying the preliminary injunction, Judge Moore's order determined that some Defendants were entitled to a hearing on their request for attorney's fees for having to defend against a preliminary injunction request that they alleged was made in bad faith, but he explained that the special judge ultimately chosen would set all future hearings and other matters after assuming jurisdiction in the case.

Crain then filed this original action, naming the court, Judge Moore, and the clerk as respondents. Crain requested a writ requiring: (1) the clerk to withdraw the case from the trial court and to transmit it to this Court for appointment of a special judge; and (2) Judge Moore to vacate the order issued October 2. Pursuant to an order allowing responsive briefing, briefs in opposition to the writ were filed.[1] On December 7, 2009, this Court granted the writ Crain requested.

**Discussion**

I.

In general, if a court fails to rule on a motion within thirty days after it was heard, "upon application by an interested party, the submission of the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special judge." T.R. 53.1(A). That time limitation for ruling has listed exceptions, specifically where: (1) the court within thirty days after the filing of a motion orders it considered during the trial on the merits; (2) the parties or their counsel stipulate or agree on the record that the time limitation for ruling on a motion shall not apply; (3) this Court has extended the time for ruling; or (4) the ruling involves a repetitive motion, a motion to reconsider, a motion to correct error, a petition for post-conviction relief, or a ministerial post-judgment act. T.R. 53.1(B).

---

[1] Because it was unclear from the record whether Judge Roger L. Duvall, whose name was the remaining name on the panel after striking, had been appointed special judge and Crain alleged "the underlying case" was before Judge Duvall (Pet. ¶3), this Court required Crain to serve a copy of the application papers on Judge Duvall, who was also allowed an opportunity to respond.

Upon an interested party's filing of a praecipe specifically designating the motion or decision delayed, the clerk of the court must enter the date and time of the filing in the clerk's praecipe book, record the filing in the chronological case summary, and determine whether a ruling has been delayed beyond the time limitation set forth under Trial Rule 53.1[.]" T.R. 53.1(E). If the clerk determines that a ruling on a motion has been delayed beyond the time in Trial Rule 53.1(A), the clerk must give written notice to the judge and this Court that submission of the cause has been withdrawn effective as of the time of the filing of the praecipe and record that determination in the chronological case summary. T.R. 53.1(E)(2). If the clerk determines a ruling has not been delayed, the clerk must notify all parties of that fact in writing and record that determination on the chronological case summary. T.R. 53.1(E)(1).

An original action is the appropriate procedure for enforcing Trial Rule 53.1 when a court clerk erroneously fails to recognize that a ruling on a motion has been delayed and the case should be withdrawn after the filing of a praecipe. State ex rel. Koppe v. Cass Cir. Ct., 723 N.E.2d 866, 869 (Ind. 2000); Williams v. State, 716 N.E.2d 897, 900 (Ind. 1999).

Trial Rule 65 addresses the procedure for hearing preliminary injunction requests. It provides that the judge regularly assigned to the case shall act upon and hear all matters relating to temporary restraining orders and preliminary injunctions and shall act promptly. Of particular relevance here, it also provides, "Unless an order is entered within ten [10] days after the hearing upon the granting, modifying or dissolving of a temporary or preliminary injunction, the relief sought shall be subject to the provisions of Rule 53.1." T.R. 65(A)(3).

The papers filed in this case are not entirely clear whether Crain sought relief because the court failed to rule within ten days after the preliminary injunction hearing, within thirty days after the hearing, or both. This lack of clarity and possible confusion may be attributable to the fact Trial Rule 65(A)(3) refers to entry of an order within ten days after the hearing but also refers to Trial Rule 53.1, which contains its own thirty-day time frame for ruling on motions in

5

general.  See T.R. 53.1(A).  The parties cite no precedent discussing the interplay between Trial Rules 53.1 and 65(A)(3).

These rules should be interpreted in conjunction with each other to mean that unless an order is entered within ten days after the hearing upon the granting, modifying, or dissolving of a temporary or preliminary injunction, there has been a delay in ruling and an interested party may immediately praecipe for withdrawal under the procedure provided in Trial Rule 53.1(E).[2]  In other words, if a ruling involves the granting, modifying, or dissolving of a temporary or preliminary injunction and has not been entered within ten days after the hearing thereon, it is not necessary for a party to await the thirty-day period described in Trial Rule 53.1(A) before filing a praecipe for withdrawal.  Upon the filing of such a praecipe, the clerk must determine the question of delay with reference to the ten-day period, not the thirty-day period.

This interpretation comports with precedent providing that if two rules cover the same subject (here, the number of days for ruling) and one does so in general terms while the other does in specific terms, the specific rule prevails and shall be applied.  See Rumfelt v. Himes, 438 N.E.2d 980, 983-84 (Ind. 1982); Daugherty v. Robinson Farms, Inc., 858 N.E.2d 192, 197 (Ind. Ct. App. 2006), trans. denied.  This interpretation also gives meaning to the ten-day period described in Trial Rule 65(A)(3) and better serves the rule's overarching goal of prompt action on motions related to preliminary injunctions.

II.

A.

Because a ruling was not issued within ten days after the conclusion of the August 20 hearing and Crain thereafter filed its praecipe, it was entitled to have the case withdrawn from the court.

---

[2] As with the thirty-day period, the ten-day period would not be enforceable where the parties or their counsel stipulate or agree on the record that the time limit for ruling in Trial Rule 65(A)(3) does not apply or where the trial court has requested, and this Court has granted, an extension of time for ruling.  See T.R. 53.1(B) and (D).

The most substantial arguments made by the opponents of the writ are that Crain waived its right to seek relief under the ten-day rule by citing the thirty-day period in Trial Rule 53.1(A) as a basis for relief and by submitting proposed findings of fact and conclusions of law in accordance with the twenty-five day timetable allowed by the trial court. Further, they claim that evaluated under the thirty-day rule, Crain's praecipe was premature; they note it was filed on the morning of Monday, September 21, the last day of the thirty-day period as calculated under Trial Rule 6(A) and a day on which the court still could have ruled timely. Neither of these arguments is a persuasive basis for refusing Crain relief, however.

As to Crain's citation to the thirty-day rule, Crain's papers, as noted, reflect uncertainty whether it was relying upon the ten-day, the thirty-day rule, or both. But opponents of the writ identify no decision before today's that clarified exactly how much time the trial court had to rule before the case became subject to withdrawal. In any event, Crain included quotations from or citations to Trial Rule 65(A)(3) or its ten-day period in its response to the motion for change of judge, its objection to Courtney's request for an extension of time, its request that the court reconsider its granting of that extension, and its praecipe. Under these circumstances, Crain cannot be found to have waived its request for a speedy resolution of its preliminary injunction request by citing both rules and attempting, in effect, to "cover both bases."

Nor does Crain's submission of findings of fact and conclusions of law extend the time for the court to rule. In an analogous context, this Court has held that Trial Rule 53.2's requirement for a decision within ninety days after the conclusion of a trial "operates irrespective of whether proposed findings and conclusions are contemplated[.]" State ex rel. Hoffman v. Allen Cir. Ct., 868 N.E.2d 470, 473 (Ind. 2007). Receiving proposed findings of fact and conclusions of law from the respective parties may be a judicial convenience but is not necessary to the court's decision making. Id. And though a party may agree or stipulate on the record that the time limit for ruling prescribed by the rule does not apply, the parties' submission of proposed findings pursuant to an order allowing such submission does not relieve the court of the obligation to rule timely. See Koppe, 723 N.E.2d at 868. Here, Crain did not agree or stipulate on the record that any time limit for ruling did not apply.

The relief available in an original action is equitable in nature. <u>State ex rel. Woodford v. Marion Super. Ct.</u>, 655 N.E.2d 63, 65 (Ind. 1995). And the benefit of Trial Rule 53.1 "may be waived where the deadline for a ruling has passed, but rather than filing a praecipe to withdraw the cause, a party files pleadings or otherwise takes voluntary action of record inconsistent with that party's right to invoke" that rule. <u>Koppe</u>, 723 N.E.2d at 869 n.1 (citing <u>Board of Medical Registration v. Turner</u>, 241 Ind. 73, 77-78, 168 N.E.2d 193, 195 (1960) ("While Rule 1-13 [the predecessor rule], known as the 'lazy judge rule', should be given a construction that will carry out its purpose to expedite decisions by trial judges, it is well settled that a party cannot claim the benefit of Rule 1-13 when by his conduct he has consented or waived his right to claim it.")). Equity weighs against finding a waiver, however, where Crain brought both Trial Rules 53.1 and 65(A)(3) to the court's attention and submitted its proposed findings of fact and conclusions of law only as directed by the court.

B.

Moreover, even if waiver of the right to rely on the ten-day rule were found here and this case were analyzed under the thirty-day rule, withdrawal would be appropriate. Submitting proposed findings of fact and conclusions of law twenty-five days after the relevant hearing is clearly consistent with an expectation the court will rule within thirty days after the hearing, especially here where the court acknowledged the "urgency of the time period and the concerns" and represented it would "get to this as a high priority matter" as soon as it received the proposed findings. (Tr. 113-14.)

And the opponents' argument that the praecipe was filed too early is unavailing. Viewed under the thirty-day rule, Crain's praecipe would have been technically premature when filed on the morning of Monday, September 21 (a date when the trial court still could have issued a ruling within thirty days as calculated according to Trial Rule 6(A)). Yet the clerk did not deny the praecipe on that day for that reason. In fact, Crain's praecipe requesting withdrawal remained pending for over one week. It was not until September 29 that the clerk issued her determination and announced that there had been no delay in ruling, but by that date, there clearly had been delay even if measured by the thirty-day rule.

8

For the foregoing reasons, the Court granted the writ of mandamus and prohibition.


Shepard, C.J., and Dickson, Sullivan, Boehm, and Rucker, JJ., concur.