**Claudette GEE, Appellant–Defendant,**

v.

**GREEN TREE SERVICING, LLC, Appellee–Plaintiff.**

No. 27A02–1003–MF–304.

Court of Appeals of Indiana.

Oct. 14, 2010.

Brian F. McLane, Marion, IN, Attorney for Appellant.

Andrew M. Auersch, O'Connor & Auersch, Indianapolis, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Claudette Gee appeals the trial court's denial of her motion to set aside the sheriff's sale of her property. Gee raises a single issue for our review: whether the sheriff sale was procedurally deficient because the sheriff posted notice of the sale not at the permanent county courthouse but at the county's temporary court offices. We hold that the sheriff complied with Indiana Code Section 32–29–7–3(e)'s requirement that such notices be posted "at the door of the courthouse." Accordingly, we affirm the trial court's denial of Gee's motion to set aside.[1]

### FACTS AND PROCEDURAL HISTORY

In June of 2009, Green Tree Servicing, LLC ("Green Tree") filed against Gee a complaint on a promissory note and to foreclose on its mortgage. Gee did not respond to the complaint, and on August 24 Green Tree was awarded a default judgment in excess of $88,000. The judgment ordered a foreclosure sale of the subject real estate.

Also in August of 2009, due to repairs at the permanent county courthouse, three of Grant County's four courts relocated from the courthouse to temporary offices and a temporary courtroom in the Willis Van Devanter Grant County Complex Building ("the Complex"). On September 25, Green Tree filed its praecipe for sheriff's sale of the property. According to the trial court:

A bulletin board is located next to the door to the temporary courtroom.

Sandie Graf is the employee of the Grant County Sheriff's Department who is responsible for conducting sheriff's sales and arranging for statutory notice of such sales. She testified that after the Court moved to the Complex, she began posting statutory notice of sheriff's sales on the bulletin board in the Complex, rather than the bulletin board at the courthouse and for a period of time notice was not published on the courthouse bulletin board. She now posts [in] both places, pending the courts moving back to the courthouse. In this case, notice was published on the bulletin board in the Complex, and not in the courthouse.

Appellant's App. at 5–6. On December 1, Green Tree purchased the subject property at the sheriff's sale for $68,000.

About a week later, Gee filed her motion to set aside the sheriff's sale. Gee argued that the sheriff's office had failed to post notice of the sale "at the door of the courthouse," as required by Indiana Code Section 32–29–7–3(e). On February 12, 2010, the trial court denied Gee's motion. This appeal ensued.

### DISCUSSION AND DECISION

Gee's only argument on appeal is that the sheriff's sale was procedurally deficient

---

1. Because we affirm the trial court on the merits of Gee's appeal, we do not consider Green Tree Servicing, LLC's additional ratio-nales for why the trial court's decision should be affirmed.

because the sheriff did not post notice on the door of the permanent courthouse. Again, Section 32–29–7–3(e) requires the sheriff to post notice of the sale "at the door of the courthouse." Thus, this appeal presents an issue of first impression, namely, whether "courthouse," as used in Section 32–29–7–3(e), means only a particular building or may mean any building housing the trial courts.

In deciding that question, we must interpret the statute. As we have often stated:

> Statutory interpretation is a question of law reserved for the court and is reviewed de novo. *Ind. Pesticide Rev. Bd. v. Black Diamond Pest & Termite Control Inc.,* 916 N.E.2d 168, 181 (Ind.Ct. App.2009) (quotation omitted), *trans. denied.* De novo review allows us to decide an issue without affording any deference to the trial court's decision. *Id.* Our goal in statutory construction is to determine, give effect to, and implement the intent of the legislature. *Id.* When a statute has not previously been construed, our interpretation is controlled by the express language of the statute and the rules of statutory construction. *Id.* We review the statute as a whole and presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. *See Curley v. Lake County Bd. of Elections & Registration,* 896 N.E.2d 24, 34 (Ind.Ct.App.2008) (quotation omitted), *trans denied.*

*State v. Prater,* 922 N.E.2d 746, 748 (Ind. Ct.App.2010), *trans. denied.*

As the trial court noted, "[t]he term 'courthouse' is not defined in the statute." Appellant's App. at 7. Not surprisingly, a "courthouse" is "[t]he building where the judge or judges convene to adjudicate disputes and administer justice." Black's Law Dictionary 356, 361 (7th ed. 1999). As such, the plain meaning of the statute applies to the temporary courtrooms located at the Complex, where three of the four Grant County courts convened during the renovation of the permanent Grant County courthouse. Significantly, however, Gee does not argue that the sheriff was required to post notice at both the Complex and the permanent courthouse. *See* Ind. Appellate Rule 46(A)(8)(a). We therefore do not consider whether Section 32–29–7–3(e) requires the sheriff to post notice at all functioning courthouses or just at one courthouse. *See Barrett v. State,* 837 N.E.2d 1022, 1030 (Ind.Ct.App.2005) ("We will not become a party's advocate.... Failure to put forth a cogent argument acts as a waiver of the issue on appeal." (citations omitted)), *trans. denied.*

The trial court concluded that "[u]nder the circumstances here, the Sheriff's apparent conclusion that a 'courthouse' is the public building in which the Court[s] are housed is reasonable and substantially complied with the statute's dictates." Appellant's App. at 7. We agree. Accordingly, the trial court did not err when it applied Section 32–29–7–3(e) and denied Gee's motion to set aside the sheriff's sale. The sale was not procedurally irregular under that section, and, therefore, we affirm the trial court's judgment.

Affirmed.

BAKER, C.J., and MATHIAS, J., concur.