Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**DOUGLAS M. GRIMES**
Douglas M. Grimes, PC
Gary, Indiana

ATTORNEYS FOR APPELLEE
NATIONAL EDUCATION
ASSOCIATION–SOUTH BEND:

**ERIC M. HYLTON**
**JAMES B. CHAPMAN II**
Benesch, Friedlander, Coplan and
Aronoff, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE SOUTH
BEND COMMUNITY SCHOOL CORP.:

**ANTHONY W. OVERHOLT**
**MAGGIE L. SMITH**
Frost Brown Todd, LLC
Indianapolis, Indiana

FILED

May 25 2012, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VICTORIA THOMAS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1107-MI-383 |
| | ) | |
| NATIONAL EDUCATION ASSOCIATION– | ) | |
| SOUTH BEND and SOUTH BEND | ) | |
| COMMUNITY SCHOOL CORPORATION | ) | |
| | ) | |
| Appellees-Respondents. | ) | |
| | ) | |

APPEAL FROM THE ST. JOSEPH CIRCUIT COURT
The Honorable Michael G. Gotsch, Judge
Cause No. 71C01-1012-MI-173

**May 25, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Victoria Thomas ("Thomas") filed a petition in St. Joseph Circuit Court seeking judicial review of the decision made by the Indiana Education Employment Relations Board ("the IEERB") which concluded that the National Education Association – South Bend ("the NEA–SB") did not violate its duty to fairly represent Thomas in her grievance against her employer, the South Bend Community School Corporation ("the School Corporation"). Thomas subsequently filed a praecipe to withdraw the case from the trial court under Indiana Trial Rule 53.1, alleging that the court had failed to timely set a hearing on Thomas's motions and failed to timely rule on Thomas's motions. After Thomas's Rule 53.1 request was denied, she filed a motion to stay the proceedings to allow her time to file a petition for a writ of mandamus with the Indiana Supreme Court. The trial court subsequently denied Thomas's motion to stay and ultimately affirmed the IEERB's decision. On appeal, Thomas presents three issues, which we reorder and restate as:

I.  Whether Thomas was entitled to have the case withdrawn from the trial court because of its alleged failure to timely rule on her motions and/or set her motions for a hearing;

II. Whether the trial court erred in denying Thomas's motion to stay the proceedings in order to allow her time to file a petition for a writ of mandamus and prohibition in the Indiana Supreme Court; and

III. Whether the trial court erred in holding a hearing on all pending motions.

We affirm.

## Facts and Procedural History[1]

Thomas was first employed by the School Corporation as a teacher in 1979. By the beginning of the 2003-2004 school year, she was an assistant principal. At the start of the second semester of that school year, she was removed from her position as assistant principal and assigned as a teacher at the Jackson Intermediate School ("Jackson"). After being assigned as a teacher at Jackson, Thomas became a member of the NEA–SB.

In the spring of 2004, Thomas was informed that there was an opening for a special education teacher at Jackson in the upcoming 2004-2005 school year. Thomas and Ramona Luczkowski ("Luczkowski") both applied for this position. Luczkowski was a special education teacher at Jackson who had been informed that she was being displaced from her position for the upcoming school year. Even though Thomas had more seniority in the School Corporation, Luczkowski was given the job.

Based on this, the NEA–SB filed a grievance on Thomas's behalf, which was denied by the School Corporation. After further investigation, the NEA–SB determined that the special education position should have never been posted as open, based on their reading of a certain provision in the applicable collective bargaining agreement. This provision provides that "[a]ny teacher whose position is eliminated and the position is reinstated within ten (10) school days after school starts in the following school year shall be given two (2) school days to exercise an option to return to that position." Appellant's App. p. 7. The NEA–SB determined that because Luczkowski had been displaced from

---

[1] Our recitation of the underlying facts of this case comes from the trial court's findings of fact and conclusions of law. Thomas makes no argument on appeal that these facts are erroneous.

her position as a special education teacher at Jackson and then the position was restored, Luczkowski was entitled to be offered the position first. In other words, the position should never have even been listed as an open position at all. The NEA–SB therefore declined to further pursue Thomas's grievance against the School Corporation. Thomas did not further pursue her grievance and subsequently took a teaching position at another school in the School Corporation with no loss of pay as a result of not getting the special education position at Jackson.

Thomas then filed a complaint before the IEERB, alleging that the NEA–SB violated its duty to fairly represent Thomas. On November 4, 2010, the IEERB issued an order denying Thomas's request for relief. Undaunted, Thomas filed a petition for judicial review in St. Joseph Circuit Court on December 6, 2010. Both the School Corporation and the NEA–SB then filed motions to dismiss Thomas's petition for judicial review, which the trial court subsequently denied. The NEA–SB filed an answer to Thomas's petition for judicial review on February 2, 2011, and the School Corporation did likewise on February 11, 2011.

On February 22, 2011, Thomas filed motions to strike the answers filed by the NEA–SB and the School Corporation. On March 2, 2011, the NEA–SB filed a motion for an extension of time to respond to Thomas's motion to strike, which the trial court granted, giving the NEA–SB until March 29, 2011 to respond. On March 7, 2011, the School Corporation filed a motion for extension of time to respond to Thomas's motion to strike, which the trial court granted, giving the School Corporation until March 21, 2011 to respond. The School Corporation then filed its response to Thomas's motion to

strike on March 21, 2011, and the NEA–SB filed its response to Thomas's motion to strike on March 28, 2011. Thomas then filed replies to these responses on March 30, 2011.

On May 9, 2011, the NEA–SB filed a motion for summary judgment based on the agency record and requested a hearing on this motion.[2] The trial court then entered the following order:

> The Court, having received Respondent National Education Association – South Bend's Motion for Summary Judgment on the Agency Record and Request for Oral Argument, hereby sets this matter for oral argument on the 1st Day of June, 2011, at 10:00 AM.
>
> SO ORDERED this 9[th] day of May, 2011.

Appellant's App. p. 39.

On May 19, 2011, Thomas filed a praecipe that stated in relevant part:

> Comes now Petitioner Victoria Thomas ("Thomas"), by counsel, Douglas M. Grimes, and files Praecipe pursuant to Indiana Trial Rule 53.1(A) in the following words:
>    1. Thomas filed Motion to Strike Respondent NEA-South Bend's Answer and Affirmative defenses in the caption case on 22nd day of March, 2011.
>    2. The court has failed to set the motion for hearing within thirty (30) days after it was filed.
>    3. The court has failed to rule on the motion within thirty (30) days after it was filed.
> **Wherefore**, Petitioner requests that the Clerk of the court enter the date and time of the filing of this Praecipe in the Clerk's Praecipe book, record the filing in the Chronological Case Summary under the case, and determine whether or not a hearing has been delayed and whether or not a ruling has been delayed beyond the time limits set forth under Trial Rule 53.1.

---

[2] The School Corporation subsequently joined in and adopted this motion as its own.

5

Appellant's App. p. 40. Thomas also filed a similar praecipe with regard to his motion to strike the School Corporation's answer. Id. at 43-45.

Upon receipt of Thomas's praecipes, the trial court's administrator telephoned Thomas's counsel and informed him of the "usual and customary practice" of the court of setting "global" hearings, i.e. that the hearing scheduled for June 1, 2011 would be on all pending motions, not just the motion for summary judgment. Then, on May 27, 2011, the trial court clerk issued a notice informing the parties that Thomas's Trial Rule 53.1 praecipe had been denied. Appellant's App. p. 50.

Thomas filed an objection to the court setting a hearing on the motion for summary judgment and requested a stay of "all Proceedings under this case to allow Petitioner time to file a Petition for Writ of Mandamus and or Prohibition in the Indiana Supreme Court on the grounds that the [trial] Court lacks jurisdiction to hear any further proceedings in this case[.]" Id. at 48. Then, on May 31, 2011, Thomas filed a request for a certified record of proceedings in order to allow Thomas to file a petition for writ of mandamus in the Indiana Supreme Court.

On May 31, 2011, the trial court administrator notified Thomas's counsel by way of a voice mail message that, at the June 1 hearing, the trial court would consider all pending motions, including Thomas's request for a stay. On June 1, 2011, the trial court held its scheduled hearing. Although counsel for the NEA–SB and the School Corporation appeared, Thomas did not appear. The trial court's secretary then attempted to contact Thomas's counsel at his office and left yet another voice mail message that the court and opposing counsel were in court awaiting his appearance. "When an attorney or

6

a litigant fails to appear, it is the usual and customary practice of the St. Joseph Circuit Court to afford counsel and parties a fifteen-minute grace period before proceeding with a hearing." Appellant's App. p. 10. The trial court therefore waited for fifteen minutes, and when Thomas's counsel still failed to appear, proceeded with the hearing. Minutes later, the trial court's secretary brought a message to the court that Thomas's counsel had received the court's messages but indicated that he did not intend to appear because he believed the trial court had no jurisdiction. The court noted on the record that the trial court clerk had denied Thomas's Trial Rule 53.1 request and determined that it maintained jurisdiction. The court then conducted a hearing on all pending matters and denied Thomas's motion to strike the answers of the NEA–SB and the School Corporation and further concluded that Thomas's petition for judicial review should be denied, thus affirming the decision of the IEERB. The trial court entered findings of fact and conclusions of law to this effect on June 20, 2011. Thomas filed a notice of appeal on July 18, 2011, initiating the present appeal.

In the interim, Thomas had filed a verified petition for writ of mandamus and prohibition in the Indiana Supreme Court, seeking a writ requiring withdrawal of the case from the trial court pursuant to Indiana Trial Rule 53.1. On July 13, 2011, our supreme court issued an order which stated in relevant part:

> Relator, by counsel, has filed a verified petition for writ of mandamus and prohibition and other application papers under the Original Action Rules. Relator seeks a writ requiring withdrawal of her case from the trial court ("court") pursuant to Indiana Trial Rule 53.1, based on the court's alleged failure to rule timely on, or timely set for hearing, Relator's motion to strike the answer and affirmative defenses filed by the National Education Association—South Bend (hereinafter "NEA–SB"), one of the

7

respondents in the proceeding below. Relator seeks a writ requiring the clerk to withdraw the case below from the court and to transfer it to the Indiana Supreme Court for appointment of a special judge.

A writ issued under the Original Action Rules is an extraordinary remedy, viewed with extreme disfavor. State ex rel. Goldsmith v. Superior Court of Marion County, 463 N.E.2d 273, 275 (Ind. 1984). A writ will not issue unless the relator has a clear and unquestioned right to relief. State ex rel. Woodford v. Marion Superior Court, 655 N.E.2d 63, 65 (Ind. 1995).

The record shows that Relator filed her motion to strike on February 22, 2011. On March 2, NEA–SB filed its motion for an extension of time to respond to the motion to strike; the court granted an extension until March 29. On March 28, the NEA–SB filed its response to the motion to strike. On March 30, Relator filed her reply to that response to the motion to strike.

The record shows further that on May 9, NEA–SB filed its motion for judgment on the agency record and requested oral argument. Also on May 9, the court issued an order reading, "The Court, having received [NEA–SB's] Motion for Judgment on the Agency Record and Request for Oral Argument, hereby sets this matter for oral argument on the 1st day of June, 2011, at 10:00 AM." Relator filed her praecipe on May 17, alleging that the court had failed to rule on, or set for hearing, her motion to strike. On May 27, the court clerk refused to withdraw the case under T.R. 53.1.

At the hearing on June 1, the court determined that the motion to strike should be denied and that the NEA–SB's motion for judgment on the agency record should be granted. In its "Findings of Fact, Conclusions of Law and Judgment" filed June 20, the court addressed the issue of delay and explained, "Based on the common and ordinary practice in the Courts of St. Joseph County, the scheduling of a matter for hearing is considered a global hearing on all pending matters unless the scheduling order specifically provides otherwise. In this case, the scheduling order did not indicate otherwise and the Court considered the hearing scheduled for June 1, 2011, as a global hearing.... [T]he Court, having previously reviewed the Agency Record, and the pending motions of the parties, the Court conducted a hearing on all pending matters.... The Court denied Petitioner's motion to strike the response of the Respondents, and found that the decision of the Agency should be affirmed."

The order of May 9 scheduling "this matter for oral argument" is unclear. This lack of clarity should have been avoided and easily could have been avoided by specifying whether the June 1 hearing would be on the motion for summary judgment on the agency record only or, instead, would be on "all pending motions" or "all pending matters" in "this case."

8

On the other hand, the order's language is not inconsistent with the court's subsequent explanation that it was setting a global hearing on all pending matters. And this is consistent with the court's finding that its administrator contacted Relator's counsel after the praecipe was filed and informed Relator's counsel of the usual and customary practice of setting global hearings and that the administrator later left a message for counsel before the June 1 hearing indicating that "pending motions" would be considered during the June 1 hearing.

The language in the order of May 9 is not inconsistent with the court's explanation that it was setting a global hearing on all matters, so Relator cannot show a clear entitlement to relief. Because Relator seeks an unquestionably inappropriate remedy under the rules and law governing writs of mandamus and prohibition, this original action is DISMISSED. *See* Ind. Original Action Rule 2(D). Petitions for rehearing or motions to reconsider are not allowed. Orig. Act. R. 5(C).

Appellant's App. pp. 31-32 (reproducing order from <u>State ex rel. Thomas v. St. Joseph Circuit Court</u>, No. 71S00-1107-OR-424 (Ind. July 13, 2011)) (record citations omitted).

## I. Trial Rule 53.1

"Commonly called the 'lazy judge' rule, Indiana Trial Rule 53.1 provides a remedy for a litigant whose motion has not been ruled on by the trial judge in the prescribed amount of time." <u>Strutz v. McNagny</u>, 558 N.E.2d 1103, 1109 (Ind. Ct. App. 1990), <u>trans. denied</u>. Trial Rule 53.1(A) (2011)[3] provides:

In the event a court fails for thirty (30) days to set a motion for hearing or fails to rule on a motion within thirty (30) days after it was heard or thirty (30) days after it was filed, if no hearing is required, upon application by an interested party, the submission of the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special judge.

---

[3] Trial Rule 53.1 was amended effective January 1, 2012, after Thomas filed her praecipe and the trial court clerk denied the same. We therefore refer to the version of Trial Rule 53.1 that was in effect at the time these matters were decided.

9

The procedure for withdrawing the cause from the trial judge is set forth in Trial Rule 53.1(E), which states that, "[u]pon an interested party's filing of a praecipe specifically designating the motion or decision delayed, the clerk of the court must enter the date and time of the filing in the clerk's praecipe book, record the filing in the chronological case summary, and determine whether a ruling has been delayed beyond the time limitation set forth under Trial Rule 53.1[.]" T.R. 53.1(E).

If the trial court clerk determines that a ruling on a motion has been delayed beyond the time in Trial Rule 53.1(A), the clerk must give written notice to the judge and the Indiana Supreme Court that submission of the cause has been withdrawn effective as of the time of the filing of the praecipe and record that determination in the chronological case summary ("CCS"). State ex rel. Crain Heating Air Conditioning & Refrigeration, Inc. v. Clark Circuit Court, 921 N.E.2d 1281, 1284 (Ind. 2010) (citing T.R. 53.1(E)(2)). If the trial court clerk determines a ruling has not been delayed, the clerk must notify all parties of that fact in writing and record that determination on the chronological case summary. Id. (citing T.R. 53.1(E)(1)). "An original action [in the Indiana Supreme Court] is the appropriate procedure for enforcing Trial Rule 53.1 when a court clerk erroneously fails to recognize that a ruling on a motion has been delayed and the case should be withdrawn after the filing of a praecipe." Id.

In the present case, Thomas argues that "[b]ecause the court failed for thirty . . . days to set Appellant's motions to Strike Answer and Affirmative Defenses for hearing and Appellant thereafter filed Praecipe for withdrawal of the case from the Judge, Appellant was entitled to have the case withdrawn from the court." Appellant's Br. p. 8.

10

In making this argument, Thomas sets forth the standard of review and a recitation of the applicable procedural events. Thomas then states simply, "Appellant was entitled to have the case withdrawn from the Judge under Trial Rule 53.1(A) (B) (C) and (D)." Id. at 9. Although she cites State ex rel. McIntosh v. Vigo Superior Court, 946 N.E.2d 1160 (Ind. 2011), Thomas wholly fails to explain what this case held or how it is applicable to the present case. This argument is therefore waived for failure to present a cogent argument. See Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning."); Gee v. Green Tree Servicing, LLC, 934 N.E.2d 1260, 1262 (Ind. Ct. App. 2010) (noting that this court will not act as a party's advocate and that the failure to put forth a cogent argument acts as a waiver of the issue on appeal).

Moreover, the order of our supreme court in McIntosh provides no support for Thomas's argument. In that case, the court noted that the relator "allege[d] that the trial court failed to rule on a motion within the time required by Trial Rule 53.1 and that the trial court clerk failed in her duty to withdraw the case from the trial court for appointment of a special judge after Relator filed his praecipe." Id. at 1160. After noting that none of the parties filed responsive briefs, the court simply issued an order granting the writ without further analysis. The fact that our supreme court has acted in the past to issue a writ of mandamus and prohibition in no way explains why Thomas's praecipe to remove this case from the trial judge should have been granted under the present facts and circumstances.

Furthermore, our supreme court has already issued its order on this matter and concluded that a writ of mandamus and prohibition was an "unquestionably inappropriate remedy" in this case. A similar issue was before this court in Justak v. Bochnowski, 181 Ind. App. 439, 391 N.E.2d 872 (1979). In that case, the appellant claimed that our supreme court had erred in failing to withdraw the cause from the trial court judge pursuant to Trial Rule 53.1. Rejecting this claim, we wrote, "It is a fundamental principle of appellate procedure that this Court has no jurisdiction to review action of our Supreme Court." Id. at 448, 391 N.E.2d at 878.

Admittedly, Thomas frames his argument in a slightly different manner, i.e. that the trial court clerk should have withdrawn the case from the trial court judge rather than that the Indiana Supreme Court erred in denying his writ of mandamus directing the clerk to do the same. But the ultimate question is the same—whether the case should have been withdrawn from the trial court judge under Trial Rule 53.1. The appropriate procedure for determining this is an original action before our supreme court. See State ex rel. Crain, 921 N.E.2d at 1284. Thomas properly followed this procedure, but our supreme court rejected his claim,[4] and we will not, and cannot, reconsider it. Justak, 181 Ind. App. at 448, 391 N.E.2d at 878.

---

[4] Thomas claims in her reply brief that our supreme court's order denying her petition for a writ of mandamus and prohibition was not necessarily made on the merits of her claim that the trial court lacked jurisdiction under Trial Rule 53.1. We disagree. From the language of the court's order, we think it is clear that the court considered and rejected Thomas's claim the trial court clerk should have granted her Trial Rule 53.1 praecipe.

12

## II. Denial of Motion to Stay

Thomas also argues that the trial court improperly denied her request to stay proceedings in order to allow her time to petition the Indiana Supreme Court for a writ of mandamus and prohibition. Thomas's argument on this issue is again deficient. After setting forth the standard of review, she lists the "uncontested facts" which she argues support her claim that the trial court clerk should have granted her Trial Rule 53.1 praecipe. Thomas then simply concludes, "[t]he trial court's action in denying the Verified Motion for Stay is clearly erroneous, against the logic and effect of the facts before it and the inferences, which may be drawn from it." Appellant's Br. p. 8. Thomas cites no authority which would indicate that the trial court should have granted her motion to stay the proceedings. We therefore consider this argument waived for failure to make a cogent argument.[5] See App. R. 46(A)(8)(a); Gee, 934 N.E.2d at 1262.

## III. Propriety of "Global" Hearing

Thomas lastly claims that the trial court erred in holding a "global" hearing on all pending motions without notice. This argument is unavailing. As our supreme court noted in its order denying Thomas's petition for a writ of mandamus and prohibition, although the trial court's order setting the June 1 hearing could have been clearer, the trial court repeatedly informed Thomas's counsel that the June 1 hearing was to be a "global"

---

[5] We also reject Thomas's claim that the trial judge, as opposed to the trial court clerk, denied her Trial Rule 53.1 praecipe. Although the relevant CCS entry does list the name of the trial judge, the notice informing the parties that Thomas's Trial Rule 53.1 praecipe had been denied was clearly signed by the trial court clerk, not the trial judge. Appellant's App. p. 50.

13

hearing on all pending matters.  Thus, Thomas cannot claim that she was unaware of the nature of the scheduled hearing.

We further disagree with Thomas to the extent that she claims that she was unable to appear at the June 1 hearing without waiving her jurisdictional claim.  It is true that "the benefit of Trial Rule 53.1 'may be waived where the deadline for a ruling has passed, but rather than filing a praecipe to withdraw the cause, a party files pleadings or otherwise takes voluntary action of record inconsistent with that party's right to invoke' that rule.  State ex rel. Crain, 921 N.E.2d at 1286 (quoting State ex rel. Koppe v. Cass Circuit Court, 723 N.E.2d 866, 869 n.1 (Ind. 2000)).

However, Thomas cites no authority for a claim that simply appearing at the June 1 hearing—where she could have argued the propriety of the stay—would waive her Trial Rule 53.1 claim.  In fact, case law suggests the opposite.  See State ex rel. Crain, 921 N.E.2d at 1286 (holding that relator's filing proposed findings and conclusions did not act to waive relator's claim under Trial Rule 53.1 where relator brought Trial Rule 53.1 issue to the court's attention and submitted its proposed findings and conclusions only as directed by the court).  Thus, Thomas could have appeared at the June 1 hearing and made her jurisdictional argument without risking waiver.  See Kondamuri v. Kondamuri, 799 N.E.2d 1153, 1159 (Ind. Ct. App. 2003) (noting that once jurisdictional challenge has been lodged, party's contemporaneous or subsequent defense on the merits does not invoke affirmative relief barring jurisdictional claim) (citing State v. Omega Painting, Inc., 463 N.E.2d 287, 292 (Ind. Ct. App. 1984)).

Affirmed.

14

BAILEY, J., and CRONE, J., concur.