**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**GARY W. MOODY**
Franklin, Indiana

ATTORNEYS FOR APPELLEES:

**GARY J. DANKERT**
**NATHANIEL M. UHL**
Ice Miller LLP
Indianapolis, Indiana



FILED

May 31 2013, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GARY W. MOODY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 41A01-1208-PL-388 |
| | ) | |
| BEVERLY MARTIN, Director of the | ) | |
| Johnson County Public Library District; | ) | |
| THE BOARD OF TRUSTEES OF THE | ) | |
| JOHNSON COUNTY PUBLIC LIBRARY | ) | |
| DISTRICT; BRIAN J. DEPPE, Indiana | ) | |
| Library and Historical Board, ROBERTA | ) | |
| L. BOOKER, Indiana State Librarian; | ) | |
| CONNIE LAWSON, Indiana Secretary of | ) | |
| State; MITCHELL E. DANIELS, JR., | ) | |
| Governor of Indiana, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE JOHNSON SUPERIOR COURT
The Honorable Jack Tandy, Special Judge
Cause No. 41D01-1203-PL-23

**May 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Gary W. Moody, *pro se*, appeals the trial court's denial of his motion to correct errors and the court's Entry on Pending Motions which ordered in part the dismissal of Moody's lawsuit against Beverly Martin, Director of the Johnson County Public Library District; The Board of Trustees of the Johnson County Public Library District; Brian J. Deppe; Indiana Library and Historical Board; Connie Lawson, Indiana Secretary of State; and Mitchell E. Daniels, Jr., Governor of Indiana (collectively, the "Library"). Moody raises a number of issues, and we revise and restate the issues on appeal as:

I.      Whether the trial court abused its discretion in denying Moody's motion to correct errors; and

II.     Whether the trial court erred in ordering Moody to pay attorney fees under Ind. Code § 34-52-1-1.

The parties also request appellate attorney fees.

We affirm, deny Moody's request for appellate attorney fees, grant the Library's request for appellate attorney fees, and remand for a determination of the Library's reasonable appellate attorney fees.

## FACTS AND PROCEDURAL HISTORY

On March 7, 2012, Moody filed a forty-four page complaint for declaratory judgment and relief against the Library. In the complaint, Moody appears to allege in part that the Library failed to comply with or properly follow certain statutory procedures when it sought a property tax increase in 2005[1] and a bond issue in 2009.[2] Under the

---

[1] Moody alleged that a meeting of the Franklin City Council was held in September 2004, that a vote was taken regarding a resolution approving the Library's 2005 budget and property tax levy which was approved, and that, "[a]fter approval from state officials, the 5% tax increase took effect in 2005."

2

heading for declaratory relief starting on page 41 of the complaint, Moody alleged in part that a controversy exists "regarding the creation of [the Library], how that creation defines [the Library] as always being either a city or county library district, and how that issue applies to the 2004 tax increase and 2009 bond issue." Appellees' Appendix at 55. Moody alleged that the 2009 bond issue was sold to raise funds for preliminary procedures prior to the issuance of bonds for construction of a new main library in downtown Franklin, that "[w]hile the controversies of this Complaint have gone unresolved, [Library] officials have proceeded to place a question on the May 8, 2012 primary ballot to issue bonds to finance the $29,955,000 project," that "[t]his action is also taken as a basis for further relief under law," and that Moody "intends to seek further relief based on this judgment, including but not limited to relief under IC 34-24-2, the

Appellees' Appendix at 28.

[2] Moody made numerous allegations related to his research and contact with various state government officials and the Library regarding various actions taken with respect to the 2009 bond issue and the 2005 tax increase. Moody also made specific allegations against the Indiana Department of Local Government Finance, the Governor of Indiana, the Indiana Attorney General, and the Indiana Secretary of State. Moody alleged that he sent a letter to Governor Mitch Daniels entitled "Governor Daniels: Protect taxpayers, do your job, or resign," that he copied the letter to other officials, and that he received no response. Appellees' Appendix at 36. Moody alleged that he believes that "the second page of the 1976 boundary resolution was put in the place of the second page of the 1977 resolution of merger" by the Library and that the "said substitution constitutes a crude act of forgery by certain parties to this Complaint," that "Responsibility for that act must be determined," and that "by obscuring and withholding the fact that the old Franklin Public Library District was dissolved in 1977, certain parties to this case have perpetrated a myth, or fraud as it were, that the original library district has existed from 1911 to this day." Id. at 45.

Moody also alleged that he "found the Franklin library to be noisy and chaotic, and that the library staff were not enforcing library rules," that he "made complaints, and suffered retaliation in the form of harassment and threats," that "library personnel then persuaded a juvenile patron to make false and exaggerated allegations against [him]," that he "was barred from all [Library] property," that the Library "has since harassed [him] with police," that he "has been barred from official meetings and functions of all types on [Library] property," that Franklin police removed him upon his attempt to attend a June 2009 capital project public meeting, and that he believed "a hired thug" had been employed to "harass and menace [him] outside of [Library] headquarters on two occasions." Id. at 18-19.

3

'Little RICO' statutes." Id. at 56. He alleged that he has standing under the public standing doctrine and that his immediate family members are taxpayers residing in the Library's district outside of Franklin, Indiana. Also on March 7, 2012, Moody filed a verified motion for fee waiver requesting that the court waive the filing fee.[3]

On April 30, 2012, the Library filed a motion to dismiss Moody's complaint. The Library argued that Moody's challenge to the 2009 bond issue is time barred because he failed to file his claims related to that issue within the time requirements set forth in Ind. Code § 5-1-11-3(e).[4] The Library argued that Moody's challenge to the 2005 tax increase is barred because he failed to exhaust his administrative remedies because he did not seek the remedies set forth in Ind. Code §§ 6-1.1-26 and 6-1.1-17. The Library asserted that the court lacked subject matter jurisdiction to hear Moody's claim. The Library further contended that Moody did not have standing to challenge the 2009 bond issue or the alleged 2005 tax increase because he has not alleged he paid the taxes at issue. The Library also requested attorney fees and costs under Ind. Code § 34-52-1-1 and argued that any future lawsuits he filed should be subject to a screening process similar to the one for prisoner lawsuits.

---

[3] In his motion for fee waiver, Moody stated that his total income, comprised of social security benefits, was $817 per month, that he had approximately $100 in the bank, and that his expenses totaled $795 per month.

[4] Ind. Code § 5-1-11-3(e) provides:

An action to contest the validity of any bonds sold under this chapter may not be brought after the fifteenth day following the first publication of notice of the sale of the bonds. An action to contest the validity of any bond sale under this chapter may not be brought after the fifth day following the bond sale.

4

On May 11, 2012, Moody filed an emergency petition for preliminary injunction and restraining order requesting that the Library not interfere with his access to Library property, to Library records, or to public meetings, and prohibiting the Library from harassing, persecuting and oppressing him. The court denied Moody's May 11, 2012 emergency petition on May 14, 2012.

On May 21, 2012, Moody filed a motion requesting that the court deny the Library's motion to dismiss and to disqualify Library's counsel. Moody argued in part that the Library misrepresented the issues raised by his complaint and that he was not seeking to overturn the 2005 tax increase or the 2009 bond issue, and he restated the portion of his complaint that "this action is also taken as a basis for further relief under the law" and that he "intends to seek further relief based on this judgment, including but not limited to relief under IC 34-24-2, the 'Little RICO' statutes."[5] Id. at 124.

On May 25, 2012, Moody filed a motion for leave to prosecute as an indigent person and request for assignment of pauper counsel. On June 4, 2012, he filed a praecipe for determination of delay on ruling on his motion for fee waiver requesting that the clerk follow the procedure under Ind. Trial Rule 53.1.[6] On June 12, 2012, the

---

[5] Moody also argued in part that he is "appalled at [the Library's] claim that their fabrication of a mythical history of the Johnson County Public Library District in order to evade the statutes applicable to the 2005 tax increase and 2009 bond issue" and "then perpetuate that myth in order to provide an alibi for their misdeeds, to the point that a phony 'Centennial' of the District was announced . . . in late 2011, leading to a 'yearlong celebration' which includes teaching that myth as fact to library patrons including children," and "includes squandering library resources on such ridiculous frivolities as the imprinted commemorative centennial napkins [he] found on May 15 at the library headquarters." Appellees' Appendix at 125.

[6] Ind. Trial Rule 53.1(A) provides:

Upon the filing by an interested party of a praecipe specifically designating the motion or decision delayed, the Clerk of the court shall enter the date and time of the

Division of State Court Administration issued a notice of the Executive Director's determination pursuant to Trial Rule 51.1(E) finding that "withdrawal of the submission of the above matter from the judge is not warranted," that "[t]he filing of the motion on May 25 was not consistent with the rights [Moody] now seeks to assert under Ind. Trial Rule 53.1," and that "[a]ccordingly, submission of this case is not withdrawn from the judge." Id. at 146-147.

On June 15, 2012, the trial court held a hearing on the pending motions, and Moody did not appear. On June 20, 2012, the trial court issued an Entry on Pending Motions in which it denied Moody's motion for leave to prosecute as an indigent person

---

filing on the praecipe, record the filing in the Chronological Case Summary under the cause, which entry shall also include the date and time of the filing of the praecipe, and promptly forward the praecipe and a copy of the Chronological Case Summary to the Executive Director of the Division of State Court Administration (Executive Director). The Executive Director shall determine whether or not a ruling has been delayed beyond the time limitation set forth under Trial Rule 53.1 or 53.2.

(1) If the Executive Director determines that the ruling or decision has not been delayed, the Executive Director shall provide notice of the determination in writing to the Clerk of the court where the case is pending and the submission of the cause shall not be withdrawn. The Clerk of the court where the case in pending shall notify, in writing, the judge and all parties of record in the proceeding and record the determination in the Chronological Case Summary under the cause.

(2) If the Executive Director determines that a ruling or decision has been delayed beyond the time limitation set forth under Trial Rule 53.1 or 53.2, the Executive Director shall give written notice of the determination to the judge, the Clerk of the trial court, and the Clerk of the Supreme Court of Indiana that the submission of the case has been withdrawn from the judge. The withdrawal is effective as of the time of the filing of the praecipe. The Clerk of the trial court shall record this determination in the Chronological Case Summary under the cause and provide notice to all parties in the case. The Executive Director shall submit the case to the Supreme Court of Indiana for appointment of a special judge or such other action deemed appropriate by the Supreme Court.

and request for assignment of counsel and to disqualify the Library's counsel. With respect to Moody's motion for fee waiver, the court stated that it believed that the motion was moot because Moody had been allowed to file the lawsuit without the payment of a filing fee, granted the motion, and stated it would not require Moody to pay a filing fee. The court granted the Library's motion to dismiss pursuant to Ind. Trial Rule 12(B)(6), finding that Moody does not allege he is a taxpayer impacted by the 2004 tax increase or the 2009 bond issue, that the time period related to contesting the 2009 bond issue has long passed, and that Moody failed to exhaust his administrative remedies to challenge the 2004 tax increase that became effective in 2005. The court dismissed Moody's complaint with prejudice. The court also found that Moody's action was frivolous and filed in bad faith under Ind. Code § 34-52-1-1, stated that it appeared that Moody had a personal vendetta against Library officials and had chosen to take out his vendetta by filing a lawsuit that includes spurious allegations, and granted the Library's request regarding attorney fees and gave the Library time to submit an itemized billing of their fees. The court declined to establish a system to screen future lawsuits by Moody.

On June 22, 2012, Moody filed a petition for writ of mandamus and prohibition[7] stating that he had filed a praecipe for determination of delay of ruling on his motion for fee waiver on June 4 pursuant to Trial Rule 53.1, that "[a]ssuming the case would be withdrawn from the court pursuant to Trial Rule 53.1(E)(2), and that the court no longer had jurisdiction in the matter . . . , [he] did not attend the hearing on June 15, being

_____

[7] The copy of this filing contained in the appellees' appendix is not dated or file-stamped. The table of contents to the appendix identifies the document as the petition for writ of mandamus and prohibition filed by Moody on June 22, 2012.

7

involved with an ongoing emergency situation," that on June 19 he received notice that the hearing had taken place, and that "[a]lso on June 19 [he] received notice from the Executive Director . . . that withdrawal had been refused on June 12, based upon case law cited in the decision." Id. at 158. Moody requested that the Indiana Supreme Court determine that the Executive Director's finding of June 12, 2012, was in error and that the case be withdrawn pursuant to Trial Rule 53.1(E)(2) as of June 12, 2012. On June 26, 2012, the Indiana Supreme Court issued an Order Dismissing Original Action which stated that Moody failed to show that the trial court exceeded its jurisdiction or failed to act when under a duty to act, that because Moody was seeking an unquestionably inappropriate remedy under the law governing writs of mandamus and prohibition the original action is dismissed, and that petitions for rehearing or motions to reconsider are not allowed.

On July 15, 2012, the Library filed a motion to approve attorney fees and costs together with an affidavit and itemized billing. On July 20, 2012, Moody filed a motion to correct errors arguing in part that "[y]our stated excuse for not complying with T.R. 53.1 is ludicrous," that "the hearing of June 20 [sic] was invalid, and so ruling on [the Library's] motions is void," that "[t]he findings in your ruling fly in the face of the facts and statements presented in my Complaint," and that "your prejudice and hostility to me and my case have been obvious for months." Id. at 171. Moody requested that the court vacate the Entry on Pending Motions of June 20, 2012, and that the trial judge "promptly disqualify himself from this case." Id. at 172.

8

On July 26, 2012, the Indiana Supreme Court issued a second Order Dismissing Original Action. The Court noted that, after finding that Moody had failed to show that the court exceeded its jurisdiction or failed to act when under a duty to act, the Court had dismissed Moody's original action, that Moody had filed a second action[8] seeking similar relief, and that, because the Court had dismissed Moody's recent action that sought similar relief against the trial court and judge and because Moody sought an unquestionably inappropriate remedy, the second action filed by Moody was dismissed, again noting that petitions for rehearing or motions to reconsider are not allowed.

On July 30, 2012, the court entered an order granting the Library's motion to approve attorney fees and costs in the sum of $21,390.37. On August 8, 2012, the court denied Moody's motion to correct errors. Moody now appeals.

DISCUSSION

We initially note that although Moody is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), trans. denied. This court will not "indulge in any benevolent presumptions on [their] behalf, or waive any rule for the orderly and proper conduct of [their] appeal." Ankeny v. Governor of State of Indiana, 916 N.E.2d 678, 689 (Ind. Ct. App. 2009) (citation omitted), reh'g denied, trans. denied.

I.

We first address whether the trial court abused its discretion in denying Moody's motion to correct errors or erred or abused its discretion in issuing the Entry on Pending

---

[8] The appellees' appendix does not identify a copy of Moody's second petition.

Motions. We generally review rulings on motions to correct error for an abuse of discretion. Ind. Bureau of Motor Vehicles v. Charles, 919 N.E.2d 114, 116 (Ind. Ct. App. 2009); Speedway SuperAmerica, LLC v. Holmes, 885 N.E.2d 1265, 1270 (Ind. 2008), reh'g denied. An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it, or the reasonable inferences drawn therefrom. Lighty v. Lighty, 879 N.E.2d 637, 640 (Ind. Ct. App. 2008), reh'g denied.

Moody argues that the trial court erroneously failed to issue a ruling upon his motion for fee waiver within thirty days, that the Executive Director of the Division of State Court Administration erroneously failed to adhere to Trial Rule 53.1 and exceeded her jurisdiction and authority in her ruling, that the failure of the Indiana Supreme Court to reverse that determination violated his due process rights, and that the trial court erroneously failed to adhere to Trial Rule 3[9] and thus that the hearing and resulting judgment are void.

The Library asserts that Moody's appeal should be dismissed for failing to substantially comply with the appellate rules, that the appellant's brief contains no statement of the applicable standard of review, and that Moody failed to include any citation to the record on appeal and in fact did not file an appendix with his brief. The Library further maintains that this court should not consider the portion of Moody's appeal related to the denial by the Indiana Supreme Court of his writs of mandamus as

---

[9] Ind. Trial Rule 3 provides that "[a] civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary."

10

the denials constitute *res judicata* regarding this issue and that Moody's motion for fee waiver was moot as the trial court allowed the matter to proceed without Moody paying the filing fee. The Library argues that Moody does not make any substantive argument regarding the merits of the court's dismissal of his complaint and that nevertheless the court correctly determined that Moody does not have standing, that Moody failed to timely challenge the bond issue, and that Moody failed to exhaust his administrative remedies regarding the alleged tax increase. In his reply brief, Moody argues in part that the errors in his brief are not substantial or have largely been cured by the filing of the appellees' appendix, that he is disabled and cannot be held to standards of a trained legal professional, that the Indiana Supreme Court's denials of his applications for writ were unclear, that the Library continues the fabrication that he sought to overturn the tax increase and bond issue and that the complaint has only to do with the statutes on declaratory judgment. He further states that the Library repeats a litany of innuendos, mischaracterizations, fabrications, disparaging statements, and attempts at character assassination.

While we decline to find that Moody's failure to submit an appendix and deficiencies in his appellant's brief result in waiver of all of his arguments, see Appellate Rule 49(B) ("Any party's failure to include any item in an Appendix shall not waive any issue or argument."), we find that, to the extent Moody fails to cite to relevant authority or relevant portions of the record or develop cogent argument with respect to the issues he attempts to raise, or fails to develop an argument or point to the record to support the allegations he attempted to set forth in his motion to correct errors, those arguments are

11

waived. See Loomis v. Ameritech Corp., 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding argument waived for failure to cite authority or provide cogent argument), reh'g denied, trans. denied; see also Ballaban v. Bloomington Jewish Cmty., Inc., 982 N.E.2d 329, 335 (Ind. Ct. App. 2013).

To the extent that Moody argues that the trial court erroneously failed to issue a ruling upon his motion for fee waiver within thirty days, we note that, in its Entry on Pending Motions, the court indicated that it believed that the motion was moot because Moody had been allowed to file the lawsuit without the payment of a filing fee and that Moody would not be required to pay a filing fee. The record shows that Moody was not prejudiced or harmed by any failure of the trial court to rule on his motion for fee waiver at an earlier date. Moody was not prevented from initiating or prosecuting his lawsuit, and the record shows that he made a number of filings and requests to which the Library responded and which the court ruled upon. The court ultimately found that Moody would not be required to pay a filing fee. Moody's arguments related to the issue of his request for fee waiver are moot.

To the extent that Moody presents arguments related to the Executive Director's determination pursuant to Trial Rule 51.1(E) and the Indiana Supreme Court's orders on his petitions for writ of mandamus and prohibition, the record shows that on June 12, 2012, the Division of State Court Administration issued a notice of the Executive Director's determination pursuant to Trial Rule 51.1(E) finding that "withdrawal of the submission of the above matter from the judge is not warranted." Appellees' Appendix at 146. The notice cited State ex rel. Koppe v. Cass Circuit Court, 723 N.E.2d 866,

12

869 (Ind. 2000) (observing that "the benefit of Trial Rule[] 53.1 . . . may be waived where the deadline for a ruling has passed, but rather than filing a praecipe to withdraw the cause, a party files pleadings or otherwise takes voluntary action of record inconsistent with that party's right to invoke those rules"). It noted that, following Moody's March 2012 motion for fee waiver, he filed a motion for leave to prosecute as an indigent person on May 25, 2012, that the motion was not consistent with the rights he sought to assert under Trial Rule 53.1, and thus that the case was not withdrawn from the trial judge. Following Moody's petition for writ of mandamus and prohibition, the Indiana Supreme Court issued an Order Dismissing Original Action on June 26, 2012, which stated that Moody failed to show that the trial court exceeded its jurisdiction or failed to act when under a duty to act and noting that petitions for rehearing or motions to reconsider are not allowed. Following a second petition for writ of mandamus and prohibition, on July 26, 2012, the Indiana Supreme Court issued another Order Dismissing Original Action. In its July 26, 2012 order, the Court noted that, after finding that Moody had failed to show that the court exceeded its jurisdiction or failed to act when under a duty to act, the Court had dismissed Moody's original action, that Moody had filed a second action seeking similar relief, and that, because the Court had dismissed Moody's recent action that sought similar relief against the trial court and judge and because Moody sought an unquestionably inappropriate remedy, the action was dismissed, again noting that petitions for rehearing or motions to reconsider are not allowed.

13

We observe that the Indiana Supreme Court has exclusive, original jurisdiction over actions for writs of mandamus and prohibition against inferior courts, and the reason for this rule is that the Indiana Supreme Court alone has authority over the supervision of State courts. Ishii v. Young, 960 N.E.2d 153, 157 (Ind. Ct. App. 2011) (citing Ind. Const. Art. 7, § 4 ("Jurisdiction of Supreme Court"); Ind. Appellate Rule 4(B)(3) (noting the Indiana Supreme Court has exclusive jurisdiction over matters involving the supervision of courts, including issuance of writs of mandate and prohibition); Ind. Original Action Rules 1(A) and (B) (same)), trans. denied. Further, as the Library notes, Moody made a number of filings with the trial court, all of which were inconsistent with his right to invoke Trial Rule 53.1. The Executive Director of the Division of State Court Administration also arrived at this conclusion, and the Executive Director's notice specifically determined that Moody's case was not withdrawn from the trial judge. Further, the Indiana Supreme Court entered orders on June 26 and July 26, 2012, dismissing Moody's petitions for writ of mandamus. Moody has not shown that his lawsuit against the Library was removed from the trial court or judge, that the determination not to withdraw the case from the trial court judge by the Executive Director was invalid, or that the orders of the Indiana Supreme Court dismissing his petitions for writ of mandamus and prohibition were not dispositive as to the issue of his request to have the case removed from the trial judge. Moody is not entitled to reversal on this basis.

We also observe that, while Moody requests that the June 20, 2012 order be reversed, Moody does not present an argument that the trial court abused its discretion in

14

granting the Library's motion to dismiss pursuant to Ind. Trial Rule 12(B)(6) or otherwise assert that the court erred in finding, in support of the dismissal, that his claim as to the 2009 bond issue was untimely and that he failed to exhaust his administrative remedies related to the 2005 tax increase. Although Moody has repeatedly insisted that he was not and is not attempting to challenge or overturn the 2005 tax increase or the 2009 bond issue, his complaint requested declaratory relief related to these and other actions by the Library, various state agencies, and the officials of the Library and the agencies as a basis "to seek further relief based on this judgment . . . ." Appellees' Appendix at 56. In any event, Moody fails to present any cogent argument or claim that the bases for the trial court's dismissal of his complaint pursuant to Trial Rule 12(B)(6) were improper, and accordingly any such arguments on appeal are waived. See Loomis, 764 N.E.2d at 668.

Based upon our review of the record and Moody's arguments, we conclude that the trial court did not abuse its discretion in denying Moody's motion to correct errors and did not abuse its discretion or err in issuing the Entry on Pending Motions.

## II.

The next issue is whether the court erred in ordering Moody to pay attorney fees to the Library. Moody argues that the Library's actions in seeking to label him as a serial litigant and in seeking legal fees amount to a strategic lawsuit against public participation and free speech and that the attorney fee award violates his rights to access the courts. The Library argues that the attorney fee award was proper, that Moody's claims are frivolous, unreasonable, and groundless, that the harassing nature of his claims are

15

evidenced by the wild allegations he makes in his complaint, and that Moody is a serial litigant.

Ind. Code § 34-52-1-1(b), provides in part:

In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

(1)     brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2)     continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3)     litigated the action in bad faith.

An award of attorney fees under Ind. Code § 34-52-1-1 is afforded a multi-step review. Knowledge A-Z, Inc. v. Sentry Ins., 857 N.E.2d 411, 423 (Ind. Ct. App. 2006) (citing Emergency Physicians of Indianapolis v. Pettit, 714 N.E.2d 1111, 1115 (Ind. Ct. App. 1999), adopted in relevant part by 718 N.E.2d 753 (Ind. 1999)), reh'g denied, trans. denied. First, we review the trial court's findings of fact under the clearly erroneous standard, and second, we review *de novo* the trial court's legal conclusions. Id. Finally, we review the trial court's decision to award attorney's fees and the amount thereof under an abuse of discretion standard. Id.

For purposes of awarding attorney fees under Ind. Code § 34-52-1-1, a claim is frivolous if it is made primarily to harass or maliciously injure another, if counsel is unable to make a good faith and rational argument on the merits of the claim, or if counsel is unable to support the action by a good faith and rational argument for extension, modification, or reversal of existing law. Id. at 424. A claim is litigated in

16

bad faith if the party presenting the claim is affirmatively operating with furtive design or ill will.  Id.

Here, in its June 20, 2012 order, the trial court found that Moody's lawsuit was frivolous and filed in bad faith under Ind. Code § 34-52-1-1.  The court stated that it appeared that Moody had a personal vendetta against Library officials and chose to take out his vendetta by filing a lawsuit that includes spurious allegations.  The court also noted that Moody has chosen to file the lawsuit *pro se* and is held to the same standard as an attorney.  The record reveals Moody's forty-four page complaint for declaratory judgment and relief filed on March 7, 2012, which included numerous specious allegations, some of which were time barred, an emergency petition for preliminary injunction and restraining order filed on May 11, 2012, a praecipe for determination of delay on ruling on his motion for fee waiver filed on June 4, 2012, and two petitions for writ of mandamus and prohibition to the Indiana Supreme Court.  He also made other filings and arguments regarding the activities of the Library and his grievances and correspondence with numerous personnel and officials of a number of state agencies. Based upon our review of the record and the arguments and claims advanced by Moody, we cannot say that the trial court's order finding that Moody's lawsuit included spurious allegations and was frivolous and filed in bad faith under Ind. Code § 34-52-1-1 is clearly erroneous or that the court abused its discretion in ordering him to pay attorney fees to the Library.

17

We next turn to the parties' requests for appellate attorney fees. Appellate Rule 66(E) provides in part that this court "may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." Our discretion to award attorneys' fees under Ind. Appellate Rule 66(E) is limited to instances when "an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." Thacker v. Wentzel, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003) (citing Orr v. Turco Mfg. Co. Inc., 512 N.E.2d 151, 152 (Ind. 1987)). In addition, while Ind. Appellate Rule 66(E) provides this court with discretionary authority to award damages on appeal, we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal. Id. (citing Tioga Pines Living Ctr., Inc. v. Ind. Family & Social Serv. Admin., 760 N.E.2d 1080, 1087 (Ind. Ct. App. 2001), affirmed on reh'g, trans. denied). A strong showing is required to justify an award of appellate damages and the sanction is not imposed to punish mere lack of merit but something more egregious. Harness v. Schmitt, 924 N.E.2d 162, 168 (Ind. Ct. App. 2010).

Indiana appellate courts have classified claims for appellate attorneys' fees into substantive and procedural bad faith claims. Thacker, 797 N.E.2d at 346 (citing Boczar v. Meridian St. Found., 749 N.E.2d 87, 95 (Ind. Ct. App. 2001)). To prevail on a substantive bad faith claim, the party must show that "the appellant's contentions and arguments are utterly devoid of all plausibility." Id. Procedural bad faith, on the other hand, occurs when a party flagrantly disregards the form and content requirements of the

18

rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. Id. at 346-347. Even if the appellant's conduct falls short of that which is "deliberate or by design," procedural bad faith can still be found. Id. at 347.

Here, Moody failed to cite to relevant authority, develop cogent argument, or file an appendix, causing counsel for the Library to assemble the record so that the complaint and various filings and motions necessary for appellate review were included in the record, and Moody's arguments on appeal are not consistent with reasonable advocacy. Moreover, it is apparent that Moody's claims on appeal relate to the authority of the trial court, and the Indiana Supreme Court's orders of dismissal following his petitions for writ of mandamus and prohibition are without merit. Based upon our review of the record, we conclude that Moody's claims demonstrate bad faith and that his contentions on appeal are utterly devoid of all plausibility. The Library responded to Moody's arguments, and we have found the arguments to be persuasive. See Potter v. Houston, 847 N.E.2d 241, 250 (Ind. Ct. App. 2006) (holding that the appellant committed both procedural and substantive bad faith, noting that the appellant's arguments on appeal were illogical and puerile, and remanding for a calculation of appellate attorney fees). Accordingly, the Library is entitled to appellate attorney fees, and we remand to the trial court to determine the proper amount of the appellate fee award.

CONCLUSION

For the foregoing reasons, we affirm the rulings of the trial court denying Moody's motion to correct errors and in issuing the Entry on Pending Motions, deny Moody's request for appellate attorney fees, grant the Library's request for appellate attorney fees, and remand for a determination of the Library's reasonable appellate attorney fees.

Affirmed.

RILEY, J., and BRADFORD, J., concur.