


FILED

Jun 13 2025, 2:34 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE

# Indiana Supreme Court

Supreme Court Case No. 25S-OR-90

## State of Indiana ex rel. Gary Thoe, et al.,

*Relators,*

–v–

## Marion Superior Court 5 and the Honorable John M.T. Chavis,

*Respondents.*

Decided: June 13, 2025

Petition for Writ of Mandamus under
Indiana's Rules of Procedure for Original Actions

**Per Curiam Opinion**

All Justices concur except Chief Justice Rush,
who did not participate in the decision of this matter.

**Per curiam.**

Article I, Section 12 of the Indiana Constitution provides that justice "shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." One way to enforce this directive is through Trial Rule 53.1, which empowers our Court to withdraw a case from a trial judge and appoint a special judge if the trial court fails to rule on a motion by the prescribed deadlines.

The Relators—Gary Thoe, Merry Thoe, Julie Long, and Janice Menke—seek a writ withdrawing the underlying action from the trial judge for his failure to timely rule on several motions. Because we find this matter should have been withdrawn from the trial judge under Trial Rule 53.1, we grant this writ and appoint the Honorable Kurt M. Eisgruber, Judge of Marion Superior Court, as special judge.

## I. Background and Procedural History

Both this original action and *State ex rel. Mayhill v. Marion Superior Court 5*, No. 25S-OR-55[1], stem from the trial proceedings in *Mayhill v. Thoe*, a lawsuit John Mayhill filed in November 2019.

The procedural history of *Mayhill v. Thoe* is complex, but the issues presented here are narrow: (1) whether the trial court impermissibly failed to rule on several motions for over thirty days; and (2) as a result, the matter should have been withdrawn from the trial judge in response to Relators' Trial Rule 53.1 praecipe.

On March 28, 2024, parties in *Mayhill v. Thoe* filed three summary judgment motions: the first by Relators Merry Thoe, Julie Long, and Janice Menke ("Mayhill Sisters"); another by Relator Gary Thoe; and a final motion by 8142 E. Highland View Drive, LLC ("Intervenor"). The trial

---

[1] By separate order issued along with this opinion, we dismiss the original action in *State ex rel. Mayhill v. Marion Superior Court 5* as moot.

court scheduled these motions for a May 10 hearing, with a jury trial to follow, if needed, on June 24.

After the May 10 hearing, the trial judge took the summary judgment motions and several other motions under advisement, making any ruling due Monday, June 10. *See* Ind. Trial Rule 53.1(A). The judge said his plan was "to expedite" ruling on the pending motions. "I will need a few weeks to do it, but you know I will."

On June 6, Relators moved to continue the June 24 jury trial. They argued that to adequately prepare for trial, they needed the court to first rule on the six outstanding motions—which included their two summary judgment motions; Intervenor's summary judgment motion; and Mayhill's three motions to dismiss, to compel, and to reconsider.

On Tuesday, June 11, the trial court issued four separate orders:

- Denying Mayhill's motion to dismiss the third-party complaint;

- Denying in part and granting in part Mayhill's amended motion to compel redesignation of discovery;

- Denying Intervenor's motion for summary judgment; and

- Granting Mayhill's motion to compel discovery responses from Intervenor.

And the following day, the trial court issued an order denying Relators' motion to continue the jury trial.

Four days later, on June 16, Relators filed a Trial Rule 53.1 praecipe identifying several motions that had not been ruled upon for more than thirty days:

- Mayhill Sisters' March 28, 2024 Motion for Summary Judgment;

- Thoe's March 28, 2024 Motion for Summary Judgment; and

- Relators' May 8, 2024 Joint Motion to Strike Affidavit of John Mayhill.

Relators also filed a motion to vacate the pre-trial conference and jury trial, which the trial court granted on June 17.

That same day, the trial clerk entered the praecipe on the CCS, but the record does not show whether she completed the process by forwarding it to this Court's Chief Administrative Officer ("CAO") as Trial Rule 53.1(E) requires. For the next eight months, the trial court proceeded as though the praecipe had been forwarded and was pending the CAO's determination. For example, on August 2, 2024, the trial court made a docket entry acknowledging Intervenor's "Motion to Correct Error, or in the Alternative, to Certify for Interlocutory Appeal," finding that:

> On June 16, 2024, [Relators] filed their Praecipe for Withdraw[al] of Submission of Cause under Ind. Trial Rule 53.1 with a Notice to the Chief Administrative Officer for a determination of withdrawal to be made pursuant to that rule. Although the Indiana Supreme Court has not yet appointed a new, special judge to preside over this case, and although the Court has lost jurisdiction over this case pursuant to Defendants' motion, the Court acknowledges the need for the parties to comply with Rule 59 deadlines while such a determination is pending. The Court has reviewed the motion and response and will review the reply upon its filing as preparation in the event that the Supreme Court decides not to withdraw the case from its current assignment. However, the Court will take no action on the motion until the Supreme Court issues its order.

The trial court made similar entries on August 30, 2024, and February 10, 2025.

Shortly after the trial court's February 2025 docket entry, Mayhill filed an original action seeking a writ ordering the trial court to resume jurisdiction over the case. We issued an order for response briefing on March 13 and, six days later, the trial clerk made a docket entry indicating she had forwarded the June 2024 Trial Rule 53.1 praecipe to the CAO on March 19, 2025.

On April 7, the CAO issued an order declining to withdraw the matter from the judge. This order ("53.1 Order") identified only one pending motion—the Mayhill Sisters' summary judgment motion—and

determined that because Relators filed the praecipe after their motion to continue was denied, the matter should not be removed:

> [Relators] filed their June 16, 2024 Praecipe after their June 6, 2024 continuance request had been denied. In *State ex rel. Koppe v. Cass Circuit Court*, 723 N.E.2d 866 (Ind. 2000), the Supreme Court held that a party may not wait until after an unfavorable judgment or ruling to invoke or enforce T.R. 53.1. The plain language of this holding precludes the instant matter from being withdrawn.

Three days later, the trial court scheduled a status hearing.

Relators then filed their own original action. They argue the CAO erred by relying on *Koppe* to find the matter should not be withdrawn from the trial judge. They further allege the judge (1) failed to act when he was under a duty to act by not timely ruling on the summary judgment motions; and (2) exceeded his jurisdiction by setting a status hearing when jurisdiction should have been withdrawn under Rule 53.1.

## II. Relators are entitled to appointment of a special judge under Trial Rule 53.1

Relators seek a writ withdrawing *Mayhill v. Thoe* from the trial court and appointing a special judge. They argue the respondent judge's thirty-day window to rule on the pending motions closed on June 10, and the judge did not ask the parties to waive that deadline or seek an extension of time from this Court.

### A. The trial court did not timely rule on several pending motions.

Trial Rule 53.1(A) provides: "In the event a court fails … to rule on a motion within thirty (30) days after it was heard or thirty (30) days after it was filed, if no hearing is required, upon application by an interested party, the submission of the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special

judge." Rule 53.1(B) sets out some exceptions to this deadline, none of which apply here.

Our Court has enforced Trial Rule 53.1 through original actions before. *See, e.g.*, *State ex rel. Crain Heating Air Conditioning & Refrigeration, Inc. v. Clark Cir. Ct.*, 921 N.E.2d 1281, 1284 (Ind. 2010) (holding in relevant part that "[a]n original action is the appropriate procedure for enforcing Trial Rule 53.1[.]"); *Koppe*, 723 N.E.2d at 869 (noting that "the procedure for enforcing Trial Rules 53.1 and 53.2 … is to file an original action.").[2] And we find such enforcement is necessary here where Relators argue—and we agree—that the 53.1 Order "improperly relied on the trial court's denial of a continuance motion that was not the motion at issue in the praecipe."

The 53.1 Order cites *Koppe* for its language that "a party may not wait until after an unfavorable judgment or ruling to invoke or enforce T.R. 53.1." But the praecipe simply identified the two pending summary judgment motions that had unequivocally not yet been ruled on. Relators argue that under the 53.1 Order's reading of *Koppe*, an adverse ruling on **any** motion effectively eliminates the trial court's obligation to rule on other pending motions within the Rule 53.1 deadlines. And while *Koppe* correctly notes that Trial Rule 53.1 praecipes should not be used to collaterally attack an adverse ruling, there is no indication from the record that a collateral attack happened here.

---

[2] At the time *Koppe* and *Crain* were issued, the trial court clerk was responsible for entering the praecipe on the CCS and determining whether the ruling was delayed. In 2011, this Court amended Trial Rule 53.1(E) to require the clerk to forward the praecipe and CCS to the Executive Director of State Court Administration for a decision. In 2018, we amended the rule again to require submission of these praecipes to the CAO.

## B. Relators have met the requirements of Original Action Rule 3(A).

Original Action Rule 3(A) requires all original action petitions to be verified or affirmed and to state facts showing clearly that:

> (1) the Supreme Court has jurisdiction over the matter as an original action;

> (2) the petition is made expeditiously after the jurisdiction of the respondent court became an issue;

> (3) the respondent court has exceeded its jurisdiction or the respondent court has failed to act when it was under a duty to act;

> (4) the absence of jurisdiction of the respondent court or the failure of the court to act when it was under a duty to act has been raised in the court by a written motion filed therein and brought to the attention of the respondent judge, and the written motion has been denied or not ruled on timely;

> (5) the denial of the petition will result in extreme hardship; and

> (6) the remedy available by appeal will be wholly inadequate.

On the face of the pleadings, Relators have established elements (1), (3), (4), and (6). This Court has exclusive jurisdiction to decide issues under Trial Rule 53.1. The respondent court failed in its duty to act by not ruling on Relators' summary judgment motions and motion to strike within the thirty-day deadline. Filing the Trial Rule 53.1 praecipe fulfills the written-motion requirement of element (4). And because there is no way to appeal an order declining to remove a matter from a trial judge under Rule 53.1, there is no appellate remedy.

The remaining two elements—whether the petition was "made expeditiously" and whether its denial "will result in extreme hardship" also rest in Relators' favor.

Opposing the writ, Mayhill argues that Relators "waived their opportunity to obtain a change of judge in this case" because they "failed to comply with their obligations under Trial Rule 53.1(E)." But Rule

53.1(E) imposes no duty on a party beyond filing a praecipe "specifically designating the motion or decision delayed," which Relators did here. The rule does not specifically require a party to follow up with the trial court, clerk, or CAO on the status of a 53.1 praecipe or otherwise investigate a delayed decision.[3] And because Relators seek relief only from the 53.1 Order, their petition—filed four business days after the order was issued—was made expeditiously.

The final contested element is whether denying the writ would result in "extreme hardship." While this is a high bar, particularly when coupled with the adequacy-of-appeal element, Relators have met this burden. This case has been pending for over six years, with a jury trial scheduled for early 2026. Requiring Relators to proceed with a jury trial before a judge from whom this matter should have been removed is a severe hardship. Relators' lack of any appellate remedy also falls in favor of this element; as we noted in *Crain* and *Koppe*, an original action is the appropriate means of enforcing Trial Rule 53.1.

We also disagree with Mayhill that appointing a special judge will necessarily delay the trial even further. All parties here are ably represented by experienced counsel, and Special Judge Eisgruber has years of experience handling complex civil litigation matters. We are confident this matter will be resolved expediently and efficiently.

# Conclusion

Having granted Relators' request to withdraw this matter from the trial court and appoint a special judge, this opinion vests jurisdiction in Judge Eisgruber and terminates the original action proceedings in this Court.

---

[3] Mayhill also argues the trial clerk "effectively denied [Relators'] praecipe" by failing to comply with her Rule 53.1 obligations. But again, that reflects a misunderstanding of the rule. Since 2011, the trial clerk has had no discretion to determine whether a case should be withdrawn from the judge for failure to timely rule. This decision lies exclusively with the CAO. And each of the cases Mayhill cites to support this argument were issued before the rule change. *See* Resp. Br. at 5–6.

Petitions for rehearing or motions to reconsider are not allowed. Orig. Act. R. 5(C).

All Justices concur except Rush, C.J., who did not participate in the decision of this matter.

ATTORNEY FOR RELATOR GARY THOE
Mark J. Crandley
Barnes & Thornburg, LLP
Indianapolis, Indiana

ATTORNEY FOR RELATORS MERRY THOE, JANICE MENKE, AND JULIE LONG
Raegan M. Gibson
The Gibson Legal Group
Indianapolis, Indiana

ATTORNEY FOR OPPOSING PARTY JOHN MAYHILL
Mark R. Waterfill
Waterfill Law
Plainfield, Indiana

ATTORNEYS FOR STATE OF INDIANA
Theodore E. Rokita
Attorney General of Indiana

Angela Sanchez
Chief Counsel of Appeals
Indianapolis, Indiana

RESPONDENTS, PRO SE
Hon. John M.T. Chavis, Judge
Marion Superior Court 5